## THE STATE v. BRISCOE, *Appellant.*

**Criminal Law**: INFORMATION: CONSTITUTION. The general assembly has no power under the constitution, to authorize criminal prosecutions by informations in the form of an affidavit of a private person, in lieu of informations as understood at common law. Affirming *State v. Kelm*, 79 Mo. 515.

*Appeal from Scott Circuit Court.* — HON. J. D. FOSTER, Judge.

REVERSED.

*Smith & Krauthoff for appellant.*

No information signed by the prosecuting attorney having been filed against the defendant, the judgment should be reversed. *State v. Huddleston*, 75 Mo. 667; *State v. Sebecca*, 76 Mo. 55. Under the constitution, article 2, section 12, it was necessary that the information should be one sufficient at common law. *Ex parte Slater*, 72 Mo. 102; *State ex rel. v. Leffingwell*, 54 Mo. 458, 471; *Ex parte Bethurum*, 66 Mo. 545; Cooley Const. Lim., 60; Potter's Dwarris on Statutes, p. 272, note 2. As to what constitutes an information at common law, see 5 Bac. Abr., title "Information," pp. 169, 170, *et seq;* Toml. Law Dic., title "Information;" Jacob's Law Dic., title "Information;" 2 Hawkins Pleas of Crown, ch. 26, § 4; 1 Bishop Crim. Proc., (3 Ed.) § 144; *Rex v. Phillips*, 3 Burr. 2090. The judgment should be reversed because the record does not show an arraignment of the defendant before trial. *State v. Billings*, 72 Mo. 662.

*D. H. McIntyre*, Attorney General, for the State.

SHERWOOD, J.—The defendant was charged in an affidavit filed before Wm. A. Gooch, a justice of the peace, with having kissed and indecently assaulted a girl, who was a scholar in the school which he was teaching. The affidavit was made by her father, June 19th, 1880.

This proceeding is, doubtless, authorized by sections 2025 and 2026, Revised Statutes 1879. The authorities cited by counsel for the State, as well as counsel for the defendant, correctly define the meaning of the term "information," as it was used and understood at common law. That definition does not embrace an affidavit filed by a private person. Section 12 of article 2 of our constitution, which is commonly called our "Bill of Rights," after providing: "That no person shall, for felony, be proceeded against criminally otherwise than by indictment, except," etc., makes further provision that, "in all other cases, offenses shall be prosecuted criminally by *indictment or information as concurrent remedies.*" In *Ex parte Slater*, 72 Mo. 102, when speaking of the same section above quoted, it was said by NORTON, J., "the word indictment has a well defined meaning, and must be accepted and understood as having been inserted in the constitution with the meaning attached to it at common law." Under the authority of that case, and by parity of reasoning, the term "information" must be held as bearing, since its incorporation into section 12, *supra*, the same signification as it did at common law. "Offenses" are embraced under but two heads, felonies and misdemeanors. The offense charged herein, obviously fell in the latter class, and if the constitution is to be obeyed, cannot be punished except by proceedings which take the shape of either an indictment or an information. The present proceeding is not included under either of those heads, and the fact that the legislature has seen fit to call an affidavit an information, does not make it one, nor confer on it either the form or functions of an information. The provisions of the bill of rights are limitations on the powers of the government.

That eminent jurist, Mr. Justice Cooley, says, that "every thing in the declaration of rights contained is excepted out of the general powers of government, and all laws contrary thereto shall be void. * * While they continue in force, they are to remain absolute and un-

changeable rules of action and decision." Const. Lim., (3 Ed.) 40, 41. It will not do to say that an affidavit, such an one as under consideration, and as authorized by sections 2025 and 2026, violates no substantial rights of the accused; that he has his trial by jury just the same as if the more formal information were officially filed; nor that the *statutory information will do just as well,* for an all-sufficient answer to these positions and assertions is to point to the provisions of the bill of rights, and say, that as the statute does not conform to those provisions, the statute must give way, and that those provisions being beyond governmental control, cannot be ignored, escaped from, or, in any way or manner whatsoever, modified by any department of the government, or by all the departments of the government combined. It was upon this theory, that section 1804, Revised Statutes 1879, which provides that an indictment, in certain circumstances, might be found in a county other than that in which the offense was committed, was held null, in that it was contrary to the bill of rights.

It may be remarked, that at the present term of this court sections 2025 and 2026, have passed under review in the case of the *State v. Kelm,* 79 Mo. 515, and have been held obnoxious to constitutional objections.

For these reasons the judgment must be reversed, and as the prisoner is held without any constitutional authority for his detention, his discharge is hereby ordered. All concur.