JOHN BUCKRICE

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa May 19, 1884.*

1. JURY *service confined to the county.* There is no authority in any statute for the selection of grand and petit jurors in one county to serve in another county.

2. CRIMINAL LAW—*as to right of trial by jury—and in what county a person charged with crime must be tried.* The right of trial by jury, guaranteed by the constitution to one accused of crime, includes the right of being tried by jurors selected from the county in which the offence is alleged to have been committed.

3. Section 5, division 10, of the Criminal Code, in so far as it authorizes a party to be tried for an offence committed entirely within one county, but one hundred rods from the county line, in the adjoining county, is unconstitutional and void.

4. There is a class of offences that may be committed by a party being in one county, upon a person or thing being at the same time in another county, when the offence may not inaptly be defined as having been committed in either county; and offences committed on the county line, or so near thereto as that the distance therefrom is inappreciable, may with propriety be regarded as having been committed in either county, and by doing so no one is deprived of any constitutional right.

5. But where the entire offence is committed within one county, and at an appreciable distance from the county line, as in this case, at a distance of seventy rods, the party accused can not be indicted and tried in another county for that offence.

APPEAL from the Circuit Court of Kane county; the Hon. C. W. UPTON, Judge, presiding.

Messrs. RUBENS, McGAFFEY & AMES, for the appellant:

A citizen of this State can be tried for a criminal offence only in the county or district where the offence has been committed. Const. of 1870, art. 2, secs. 5, 9.

The statute providing that "where an offence shall be committed within one hundred rods of a county line, it may be so alleged, and the trial may be in either county," (sec. 396 of the Criminal Code,) is in direct contravention of the constitutional guarantees relating to trials by jury, and therefore void. *Armstrong* v. *State*, 1 Coldw. 338; *Swarth* v. *Kimball*, 43 Mich. 443; *State* v. *Sawyer*, 56 N. H. 175; *Wheeler* v. *State*, 24 Wis. 52; *Osborn* v. *State*, 24 Ark. 629.

The word "district," in article 2, section 9, of the constitution, does not include a belt of one hundred rods in another county from which no jurors are drawn. *Weyrich* v. *The People*, 89 Ill. 90.

The first constitutional provision which we invoke against the operation of this statute is section 5, of article 1, of the

constitution of 1870 : "The right of trial by jury, as hereto-
fore enjoyed, shall remain inviolate." The meaning of this
constitutional provision has been held to be that the common
law mode of trial by jury must remain inviolate. (*Petition
of Ferrier*, 103 Ill. 367 ; *Ward* v. *Farwell*, 97 id. 593.) And
it was held that the mode of trial, as it existed at the time
of the adoption of the constitution, was preserved by this
provision. *Ross* v. *Irving*, 14 Ill. 171.

There can be no question that at common law no man
could be taken out of the county where the offence was com-
mitted, and where he resided, to an adjoining or distant
county. (4 Blackstone's Com. 349.) And this right of trial
by jury includes the grand as well as the petit jury, and both
must be drawn from the county where the offence was com-
mitted. 4 Blackstone's Com. 303 ; Hallam's Const. Hist.
15, 16 ; Bacon's Abr. title "Juries ;" 2 Hawkins' Pleas of
the Crown, 300, chap. 25, sec. 28.

The courts of other States have held acts of the legis-
lature authorizing the trial of persons out of the county in
which the offence was committed, as unwarranted by the
constitution, and void. *Swarth* v. *Kimball*, 43 Mich. 443 ;
*Paul* v. *Detroit*, 32 id. 108 ; *Weyrich* v. *The People*, 89 Ill.
90 ; *Armstrong* v. *State*, 1 Coldw. 338 ; *Osborn* v. *State*, 24
Ark. 629 ; *Wheeler* v. *State*, 24 Wis. 52 ; *State* v. *Sawyer*, 56
N. H. 175 ; *State* v. *Denton*, 6 Coldw. 539 ; *Kirk* v. *State*, 1
id. 345.

The framers of our constitution did not content themselves,
however, with the provision above quoted. They gave a still
more definite expression of their determination to uphold this
constitutional guaranty by declaring : "In all criminal pro-
secutions the accused shall have the right  *  *  *  to a
speedy public trial, by an impartial jury of the county or
district in which the offence is alleged to have been commit-
ted." Const. 1870, art. 2, sec. 9.

Mr. FRANK CROSBY, and Mr. TERRENCE E. RYAN, State's Attorney, for the People:

The statute attacked is no novel experiment in legislation. It has existed among the legislative enactments of sister States for many years, and has frequently been confirmed by their judicial tribunals. *Commonwealth* v. *Gillon*, 2 Allen, 502; *The People* v. *Harris*, 45 Barb. 494; *State* v. *Robinson*, 14 Minn. 447; *The People* v. *Davis*, 56 N. Y. 95.

"The right of trial by jury" may be regulated by the legislature in certain ways, provided its fundamental requisites are not impaired or destroyed,—that is, provided the number composing the jury, its unanimity and its impartiality are not violated. Proffatt's Trial by Jury, sec. 106, p. 149.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Appellant sold spirituous liquors in violation of chapter 43, entitled "Dram-shops," in Cook county, but at a point within seventy rods of the line between that county and Kane county. For this he was indicted by a grand jury of Kane county, and tried and convicted in the circuit court of that county. He objected, on the trial, to the jurisdiction of that court, and by plea and motion raised the question of its power to render any judgment against him for the offence so committed. The action of the court is claimed to be authorized by section 5, division 10, of chapter 38, entitled "Criminal Code," of the Revised Statutes of 1874, page 406, which reads as follows: "Where an offence shall be committed on a county line, or within one hundred rods of the same, it may be so alleged, and the trial may be in either county divided by such line." Undoubtedly, if valid, this is broad enough to embrace the present case; but counsel for appellant insist that so much of it as assumes to authorize the trial of a party in one county for an offence committed in another county, (no right in that

regard having been waived,) is unconstitutional and void, and this presents the only question for our determination.

It will be observed no county lines are changed by this enactment, and no provision is made for the selection of jurors beyond the county line, and within the one hundred rods thereof, and, we may add, there is no authority in any statute for the selection of grand and petit jurors in one county to serve in another county. See Rev. Stat. 1874, chap. 78, entitled "Jurors," p. 630.

The constitution of 1870 declares, in section 5, article 1: "The right of trial by jury, as heretofore enjoyed, shall remain inviolate." And in section 9, article 2: "In all criminal prosecutions the accused shall have the right. *   *   * to a speedy public trial, by an impartial jury of the county or district in which the offence is alleged to have been committed." Substantially the same provisions were in the constitutions of 1818 and 1848, and they have been held to guaranty the right of trial by jury, in conformity with the principles of the common law as it was enjoyed at the adoption of the constitution. (*Ross* v. *Irving*, 14 Ill. 171; *Ward* v. *Farwell*, 97 id. 593; *Petition of Ferrier*, 103 id. 367.) And this right of trial by jury included that of being tried by jurors selected from the county in which the offence is alleged to have been committed. (*Weyrich* v. *The People*, 89 Ill. 90.) It was the settled common law doctrine that jurors in one county were not competent to pass upon the guilt or innocence of a party in regard to a crime alleged to have been committed by him in another county. See 3 Reeves' Hist. of English Law, 135; 2 Hale's Pleas of the Crown, 264; 2 Hawkins' Pleas of the Crown, 403; 4 Blackstone's Com. (Sharswood's ed.) 349, *350; 1 Wharton on Crim. Law, (7th ed.) 277.

There is a class of offences committed by a party being in in one county, upon a person or thing being at the same time in another county, where the offence may not inaptly be de-

fined as being committed in either county, and we are not to be understood as questioning but that offences committed on the county line, or so near thereto that the distance therefrom is inappreciable, may with propriety be regarded as committed in either county, and that by so holding no one is deprived of any constitutional right; but it is obvious such cases are not analogous to the present case. Here the entire offence is committed within one county, at a distance of seventy rods from the county line. It is not only possible, but probable, that many persons reside within one hundred rods' of the county line who are competent jurors in their own county, but none of whom, in any possible contingency, would be competent to sit as such upon the trial in Kane county. And so, if it could be said this is a new district for criminal purposes, it is unconstitutional, in that there is no provision authorizing it, but on the contrary, there is a positive provision excluding the selection of juries in so much of the territory as is included in this strip of one hundred rods in Cook county. But if it may be said the districts simply remain as they were, then it would seem too plain to admit of argument, the constitution is violated by authorizing parties committing offences wholly in one county to be indicted and tried therefor in another county. If this may be done as to one hundred rods of territory, why may it not be done as to one mile? And if it may be done as to one mile, why may it not be done as to the entire county, and thus drag men for trial to Cook or Jo Daviess county for offences committed in Alexander or Pulaski county?

It may be that it would work no inconvenience, and be greatly promotive of a rigid enforcement of the Criminal Code, if a strip of two hundred rods in width on all county lines, (one hundred rods on each side,) might be, for the purpose of criminal trials, regarded as within either county; but it is enough for the present to say this is not warranted by the constitution, and its mandate is, that "in all criminal prose-

cutions the accused shall have the right to a speedy public trial, by an impartial jury of the county or district in which the offence is alleged to have been committed." We have no more right to disregard this mandate as to one hundred rods than as to that many miles, and our opinion of its wisdom or convenience can not in the slightest affect the question of its obligatory force. Like questions were presented and like conclusions reached in *Swarth* v. *Kimball,* 43 Mich. 443; *Armstrong* v. *State,* 1 Coldw. 338; *Kirk* v. *State,* id. 345; *State* v. *Denton,* 6 id. 539; *Wheeler* v. *State,* 24 Wis. 52; *Osborn* v. *State,* 24 Ark. 629; *State* v. *Love,* 21 W. Va. 783, (45 Am. R. 570.)

The constitutions of Massachusetts and New York do not contain like provisions to those in our constitution which we have been considering, and hence the cases cited by counsel for the People from those States are not relevant. As to the decision cited from Minnesota, we are unable to concur in the reasoning by which it is sustained, notwithstanding the high respect we entertain for the ability and learning of those composing the tribunal by which it was announced.

The judgment is reversed.

*Judgment reversed.*