THE STATE v. McGRAW, *Appellant.*

| 87 | 161 |
|----|-----|
| 31a | 9 |
| 87 | 161 |
| 98 | 597 |
| 98 | 608 |
| 87 | 161 |
| 110 | 337 |
| 87 | 161 |
| 116 | 615 |
| 87 | 161 |
| 118 | 230 |
| 87 | 161 |
| 136 | 69 |

1.  **Burglary**: CONSTITUTION: STATUTE. The General Assembly cannot, under the constitution, authorize a prosecution for burglary in a county other than the one in which the crime was committed.

2.  **Evidence.** Declarations of a conspirator, made after the conclusion of the common enterprise, are inadmissible against a co-conspirator.

3.  **Indictment**: BURGLARY AND LARCENY: FELONIOUSLY. An indictment which charges that defendant "feloniously and burglari-

ously, * * * did break into the storeroom * * * with intent the goods · * * * then and there being, then and there feloniously and burglariously to steal *. * * and did then and there burglariously steal, take and carry away," etc., sufficiently charges the felonious intent.

*Appeal from Jackson Criminal Court.*—HON. HENRY
P. WHITE, Judge.

REVERSED.

*Burris & Goldsby* and *J. B. Hamner* for appellant.

(1) The court erred in admitting the testimony of the witness, Straly, in regard to acts done by the parties at Harlem in Clay county, Missouri. When an enterprise is at an end, by accomplishment or by abandonment, either voluntary or involuntary, no one of the conspirators can, by subsequent declarations of his own, affect the others. *State v. Duncan*, 64 Mo. 263; 30 Vt. 100; 1 Greenlf Evid. 233; 1 Phillips Evid. 168. The error was not caused by the instruction of the court to disregard the testimony. *State v. Mix*, 15 Mo. 153; *State v. Wolf*, 15 Mo. 168; *State v. Daubert*, 42 Mo. 242; *State v. Schneider*, 35 Mo. 533; *State v. Marshall*, 36 Mo. 400. (2) The indictment is defective. It does not allege the burglary in the same manner as if it occured in Jackson county. *State v. Smith*, 66 Mo. 61; *Johnson v. State*, 47 Miss. 57; *People v. Mellon*, 40 Cal. 648. (3) The indictment is further defective because it fails to allege that the goods were feloniously brought into Jackson county from Clinton county. *Simmons v. Com.*, 5 Binney (Pa.) 617; *Jane v. State*, 3 Mo. 61; *State v. Gilbert*, 24 Mo. 380; *State v. Murdock*, 9 Mo. 739; *State v. Deffenbacker*, 51 Mo. 26; *State v. Bowler*, 41 Miss. 570; *State v. Durbin*, 20 La. An. 408.

*B. G. Boone*, Attorney General, for the state.

(1) The indictment is sufficient. Under a New

York statute, similar to our own, it is held that a prisoner may be convicted of burglary and larceny in any county into which he carries the burglarized goods. *Hoskins v. People*, 16 N. Y. 344. Section 1691, of Revised Statutes, is not unconstitutional in so far as it relates to burglary. It is sustained by similar statutes of this state and numerous adjudications. R. S., sec. 1647; *Hemmaker v. State*, 12 Mo. 453; *State v. Williams*, 35 Mo. 229.; *State v. Butler*, 67 Mo. 59; R. S., sec. 1690; *State v. Steerman*, 10 Mo. 503; R. S., sec. 1691; *State v. Ware*, 62 Mo. 602; *State v. Smith*, 66 Mo. 61; *State v. Grable*, 46 Mo. 350.

NORTON, J.—Defendant was indicted in the criminal court of Jackson county, charged with burglary and larceny. He was tried, convicted, both of the burglary and larceny, and sentenced to imprisonment in the penitentiary for five years. From the judgment of conviction he appeals. It appears from the record that the burglary of which defendant was convicted was committed on the twenty-fourth of August, 1884, in Clinton county, and it also appears that at the time it was committed certain goods were stolen from the storeroom burglarized, which the evidence tended to show were brought by defendant, a few days after the burglary was committed, into Jackson county.

It has been repeatedly held by this court that when goods are stolen in one county and are taken by the thief into another county, that he may be indicted and tried in such county. Such indictments are upheld on the distinct ground that each asportation of stolen property from one county to another is a new or fresh theft. *State v. Smith*, 66 Mo. 61. The grounds, however, on which indictments are sustained, found by the grand jury of a county into which stolen goods are taken by the person who steals them in another and different county, do not apply to the crime of burglary, and so much of section 1691, Revised Statutes, as authorizes a person committing burglary in one county to be indicted and

tried for that offence in another county is, under the ruling of this court in the case of *Ex Parte Slater*, 72 Mo. 106, invalid. It follows from this that the conviction of defendant for burglary was erroneous.

On the trial evidence was admitted over the objection of defendant as to what was said and done by two other persons not in the presence of defendant, in Harlem, Clay county. If the evidence in the case tended to establish a conspiracy between the defendant and these persons in stealing the goods, it at the same time established that the enterprise had ended, and their declarations thereafter could not affect the defendant, and error was committed in receiving them. *State v. Duncan*, 64 Mo. 263.

The indictment charges that defendant "feloniously and burglariously * * * did break into the storeroom * * * with intent, the goods * * * then and there being, then and there feloniously and burglariously to steal * * * and did then there burglarously steal, take and carry away." * * * We think the indictment sufficiently charges the felonious intent.

Judgment reversed and cause remanded. All concur.