THE STATE v. SMILEY, *Plaintiff in Error*

1. **Criminal Law : BIGAMY.** The crime of bigamy is complete when the second marriage is solemnized.

2. **Constitutional Law : INDICTMENT.** Under the constitution of 1875 the indictment for a felony must be found by a grand jury of the county where the offense was committed.

3. ———: ———: **BIGAMY.** That clause of Revised Statutes, 1879, section 1536, which authorizes the indictment of one charged with bigamy in any county in which he may be apprehended, is unconstitutional.

4. **Criminal Practice : CONVICTION.** A conviction for bigamy carries with it a disqualification to hold any office of honor, profit or trust, or to vote at any election, and this of itself is a sufficient reason why an erroneous judgment of conviction should be vacated, notwithstanding the defendant may have served the period of imprisonment inflicted by it.

*Error to Madison Circuit Court.*—HON. JAMES D. FOX, Judge.

REVERSED.

*W. W. Wood* for plaintiff in error.

(1) That portion of section 1536, Revised Statutes, 1879, providing for indictment, prosecution, and conviction in the county in which the offender may be

apprehended, is violation of sections 22, 12, and 28, of article 2 of the constitution. (a) The constitution guarantees the defendant an impartial trial by a jury of the county where the crime is charged to have been committed. Const. 1875, art. 2, secs. 12, 22, and 28; *Ex parte Slater*, 72 Mo. 102 ; *State v. Fitzgerald*, 75 Mo. 571 ; *State v. Kelm*, 79 Mo. 515 ; *State v. McGraw*, 87 Mo. 161; *In re McDonald*, 19 Mo. App. 370; *Walls v. State*, 32 Ark. 565. (b) The crime of bigamy is complete when the marriage ceremony is performed. R. S. 1879, sec. 1533 ; *Walls v. State*, 32 Ark. 565 ; Desty's Am. Crim. Law, sec. 89d ; *Begg v. State*, 55 Ala. 108 ; *Gise v. Com.*, 81 Pa. St. 428; *State v. Patterson*, 2 Ind. 346 ; 4 Blk. Com., p. 163; 1 Rap. and Law, Law Dic., p. 125; 2 Am. and Eng. Enc. of Law, p. 192. (2) An execution of the judgment does not prevent the defendant from appealing on the ground that the court has no jurisdiction. *State v. Rullett*, 6 Iowa, 535.

*John M. Wood*, Attorney General, for the State.

The indictment properly charges the apprehension of defendant in Madison county. This, under the provisions of section 1536, Revised Statutes, gives to the circuit court of that county jurisdiction over the offense. This and similar statutes have been passed on by this court and sustained. *State v. Griswold*, 53 Mo. 181 ; *State v. Fitzgerald*, 75 Mo. 571.

BLACK, J.—This indictment for bigamy was found by the grand jury of Madison county. It states that defendant, on August 24, 1884, at the county of Johnson, state of Missouri, married Ruth Grant, he then having a wife living, and that afterwards, and prior to the filing of this indictment, he was lawfully apprehended and in custody in Madison county for the felony aforesaid. The statute (R. S. 1879) provides :

Section 1533: "Every person, having a husband or wife living, who shall marry another person, whether married or single, except in the cases specified in the next section, shall, on conviction, be adjudged guilty of bigamy," etc.

Section 1535 relates to those cases where the prohibited marriage is solemnized without this state, and the parties cohabit within this state.

Section 1536: "An indictment for bigamy, as defined in the preceding sections, may be found, and proceedings, trial, conviction, judgment and execution thereon had, in the county in which such second or subsequent marriage or cohabitation shall have taken place, or in the county in which the offender may be apprehended.

The first marriage is alleged to have been contracted in this state, so that section 1535 has no application whatever to the present case. Indeed it is not alleged that defendant cohabited at any time or place with Ruth Grant. The indictment is based on section 1533, and cohabitation is not made an element of the offense therein described. The offense was completed in Johnson county when the second marriage was solemnized. *State v. Fitzgerald*, 75 Mo. 572. The indictment should have been preferred by a grand jury of Johnson county, unless it can be upheld by force of the last clause of section 1536, namely "or in the county in which the offender may be apprehended." There can be no doubt but the allegations of the indictment are sufficient to bring the case within this clause.

This clause has nothing to do with the elements of the offense, and relates alone to the place where the indictment may be found. Now under the constitution of 1875, the indictment for a felony must be found by a grand jury of the county where the offense was committed. It was so ruled, after mature deliberation, in *Ex parte Slater*, 72 Mo. 102, and that ruling has been

followed in subsequent cases. *State v. McGraw*, 87 Mo. 161, and *State v. Briscoe*, 80 Mo. 644. It follows that the clause of section 1536 just quoted is void, because in conflict with the constitution of 1875, and it matters not that it might have been upheld under the constitution of 1865. The indictment is worthless, for the Madison circuit court had no jurisdiction of the offense.

Cases are cited which show that indictments for larceny may be found in any county into which the property stolen is taken by the thief, but such indictments are upheld on the ground that taking the property from one county into another is a fresh theft. *State v. McGraw, supra*, and the cases cited have no application to the case in hand. The constitution is supreme, and the legislature has no more power to provide for the indictment of a person for bigamy in a county, other than that where the offense was committed, than it has to make a like provision for the indictment of a person for murder or burglary.

The defendant was sentenced to three years' imprisonment in the penitentiary from April 3, 1885. Because of the delay in suing out this writ of error, and in bringing the cause on for hearing in this court, it would seem that he has served out the period of imprisonment, and this fact is suggested by the state, but without any statement of the consequences which should flow therefrom. A conviction for bigamy carries with it a disqualification to hold any office of honor, profit or trust, or to vote at any election, and this of itself is a sufficient reason why the judgment should be vacated.

The judgment is reversed. RAY, C. J., absent; the other judges concur, BARCLAY, J., in the result.