THE PEOPLE *ex rel.* June C. Smith, Plaintiff in Error, *vs.* ALBERT D. RODENBERG, Defendant in Error.

*Opinion filed April 18, 1912—Rehearing denied June 17, 1912.*

1. QUO WARRANTO—*when information must allege legal existence of office.* Where the People question the legal appointment or election of an individual to an office or his qualification to fill the office, the information must allege the legal existence of the office to be filled.

2. SAME—*when allegation of legal existence of office is unnecessary.* If the object of an information is to question the legal existence of a corporation, body or thing to which the office pertains, the information should be filed against the individual assuming to hold and exercise the duties and powers of the office; and if the information alleges the usurpation of a franchise, right or privilege exercised through individuals as officers, it is not necessary to make the inconsistent allegation that the office exists.

3. SAME—*when information need not aver legal existence of office of judge of city court.* An information challenging the existence of a city court, which is characterized as a pretended court, and calling upon the defendant to show by what warrant he claims to exercise the powers of a judge of a court having no legal existence, need not, and could not consistently, allege the legal existence of the office of judge of such court.

4. CONSTITUTIONAL LAW—*law may be valid but its application be unconstitutional.* A law may be enacted in such general terms as will apply to all conditions of fact and not be prohibited by any provision of the constitution, yet if applied to particular conditions of fact it would destroy constitutional rights and the application of the law be unconstitutional; but in such case the law is invalid only as applied to the particular conditions.

5. SAME—*what does not render the City Courts act void as a whole.* The fact that the City Courts act cannot, without violating constitutional rights, be applied to a certain city on account of its particular location does not render the act void as a whole.

6. SAME—*restrictions upon power to create courts for cities.* The power to create courts in and for cities and incorporated towns is permissive in its nature, and necessarily can only be exercised upon condition that there will be no infringement of rules applicable to courts or of rights protected by the constitution.

7. SAME—*the jury contemplated by the constitution is a necessary part of a legally organized court.* The right of trial by jury guaranteed by the constitution includes the right of one accused of crime to be tried by jurors selected from the county or district in which the offense is alleged to have been committed, and such a jury is therefore a necessary part of a legally organized court of original jurisdiction for the trial of criminal offenses.

8. SAME—*district from which jury may be drawn cannot extend beyond limits of county.* The constitutional provision guaranteeing the right of one accused of crime to be tried by jurors selected from the county or "district" where the offense is alleged to have been committed does not authorize the creation, by law, of any district which will extend beyond the limits of a county.

9. COURTS—*city court cannot be created in city embracing parts of two counties.* The power conferred by the City Courts act to create courts in cities cannot be exercised in a city embracing parts of two counties, as the creation of a city court under such circumstances would violate the constitutional provisions concerning the right of trial by jury, and requiring the organization, jurisdiction, powers, proceedings and practice of all courts of the same class or grade to be uniform.

10. SAME—*adding territory in another county after a court is created is not the same as though the city originally embraced it.* There is a distinction between an attempt to organize a city court in a city embracing parts of two counties, and the addition, after the organization of a city court in a city then lying wholly in one county, of territory in an adjoining county, over which the city court cannot exercise its jurisdiction.

FARMER and VICKERS, JJ., dissenting.

WRIT OF ERROR to the Circuit Court of Marion county: the Hon. JAMES C. McBRIDE, Judge, presiding.

W. D. FARTHING, State's Attorney, and NOLEMAN & SMITH, for plaintiff in error.

W. F. BUNDY, J. J. BUNDY, L. B. SKIPPER, and C. F. DEW, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The People of the State of Illinois, by an information filed in the circuit court of Marion county,, called upon Albert D. Rodenberg, the defendant in error, to show by what warrant he held and executed the office of judge of a pretended city court of the city of Centralia. By his plea he alleged the establishment of a city court in said city in pursuance of the provisions of an act in relation to courts of record in cities, (Laws of 1901, p. 136,) and his election and qualification as judge of said court. To this plea the People filed four replications, alleging that the city of Centralia was situated partly within the county of Marion and partly within the county of Clinton; that the city hall, where the court was established and held, was in the county of Marion, and that all grand and petit jurors had been selected and drawn from Marion county and all the fees and expenses had been paid by that county. The defendant in error filed a general demurrer to these replications and it was sustained by the court. The People elected to stand by the replications and refused to plead further, whereupon the court dismissed the information and entered judgment against the relator for costs. The record has been brought to this court by writ of error.

Counsel for defendant in error contend that the information would not lie because it failed to aver the legal existence of the office of judge of the city court of Centralia. They say that while the decisions are in hopeless conflict, their position is supported upon satisfactory grounds by the decision in *Hedrick v. People*, 221 Ill. 374. The law is, that where the People question the legal appointment or election of an individual to an office or his qualification to fill the office, the information must allege the legal existence

of the office to be filled, which is the doctrine of the case relied upon by counsel. If the object of the information is to question the legal existence of a corporation, body or thing to which the office pertains, the information is to be filed against the individual assuming to hold and exercise the duties and powers of the office. If the information al: leges the usurpation of a franchise, right or privilege exercised through individuals as officers, it is not necessary to make the inconsistent allegation that the office exists. (*Hinze* v. *People,* 92 Ill. 406; *People* v. *City of Spring Valley,* 129 id. 169; *People* v. *City of Peoria,* 166 id. 517; *People* v. *Bruennemer,* 168 id. 482; *People* v. *Central Union Telephone Co.* 192 id. 307; *People* v. *Anderson,* 239 id. 266.) The information in this case challenged the existence of the court, which was characterized as a pretended court, and called upon the defendant in error to show by what warrant he claimed to exercise the powers of a judge of a court having no legal existence.

It is further contended that if the act for the creation of city courts does not apply to the city of Centralia the whole act is unconstitutional and void and every city court organized under the act will be destroyed. The argument seems to be that the act must apply to every city in the State of the required population or to none, and if it does not apply to the city of Centralia because the jurisdiction, powers, proceedings and practice of the court of that city cannot be uniform with that of other city courts the act can not apply to any city. A law may be enacted in such general terms as will apply to all conditions of fact and not be prohibited by any provision of the constitution, and yet if applied to particular conditions of fact it would destroy constitutional rights and the application of the law be unconstitutional. Such a law would be entirely valid as to some classes of cases and clearly void as to others. A law so general in its terms as to include past offenses would be void as to them but valid as to the same kind of offenses

in the future. An act within the legislative power might, if applied to a certain state of fact, impair the obligation of a contract, interfere with vested rights or infringe upon some constitutional right. In such a case the law cannot be applied to a particular condition, and if the act in question, which is general in its terms, cannot, without violating constitutional rights, be applied to a city on account of its location, the act as a whole is not thereby rendered void. The constitutionality of the City Court act was sustained in *Chicago Terminal Transfer Railroad Co. v. Grier,* 223 Ill. 104, but the question in this case is whether the act can be effective as to a city located in two counties.

There are several provisions of the constitution affecting the question. Section 1 of article 6 declares that the judicial powers, except as in that article otherwise provided, shall be vested in one Supreme Court, circuit courts, county courts, justices of the peace, police magistrates, and such courts as may be created by law in and for cities and incorporated towns. Section 29 of the same article provides that the organization, jurisdiction, powers, proceedings and practice of all courts of the same class or grade, so far as regulated by law, shall be uniform. Section 5 of the bill of rights provides that the right of trial by jury as heretofore enjoyed shall remain inviolate, and section 4 guarantees to the accused in all criminal prosecutions the right to an impartial, speedy trial by a jury of the county or district in which the offense is alleged to have been committed. The constitution creates certain courts with defined jurisdiction but limits and restrains the authority of the General Assembly with respect even to them by the other provisions for uniformity and preservation of the right of trial by jury, and that the trial shall be by a jury of the county or district in which the offense is alleged to have been committed. The power to create courts in and for cities and incorporated towns is permissive in its nature, and necessarily can only be exercised upon the condition that there

will be no infringement of the rules applicable to courts or of rights protected by the constitution. The right of trial by jury guaranteed by the constitution is the common law right as enjoyed at the adoption of the constitution, and includes the right of one accused of crime to be tried by jurors selected from the county or district in which the offense is alleged to have been committed. Such a jury is therefore a necessary part of a legally organized court of original jurisdiction for the trial of criminal offenses. (*Harris* v. *People,* 128 Ill. 585; *Paulsen* v. *People,* 195 id. 507.) The court, in *Weyrich* v. *People,* 89 Ill. 90, said that the word "district" is convertible with the word "county," and is descriptive of the territory over which the jurisdiction of the court for the purpose of prosecution for the commission of crimes and misdemeanors extends. If that language would not be strictly accurate as applied to a district within a county such as a municipality, so that it might be made a district for the prosecution of offenses, it was made clear in *Buckrice* v. *People,* 110 Ill. 29, that a district so created cannot extend beyond the limits of the county. Buckrice was convicted in Kane county for an offense committed in Cook county within seventy rods of the county line. The Criminal Code provided that where an offense should be committed within one hundred rods of the county line the trial might be in either county. The act was declared void because it deprived the accused of his constitutional right to a trial by a jury of the county or district in which the offense was alleged to have been committed, and the court considered the question from the standpoint that the act created a district. The court said if it could be regarded as a new district for criminal purposes, it was unconstitutional because of the positive provision excluding the selection of juries in so much of the territory as was included in the strip of one hundred rods in Cook county, and if it could be said the districts remained as they were, the constitution was violated by authorizing parties com-

mitting offenses in one county to be indicted and tried in another. Illustrating the consequences of extending a district beyond the county, the court further said: "If this may be done as to one hundred rods of territory why may it not be done as to one mile? And if it may be done as to one mile why may it not be done as to the entire county, and thus drag men for trial to Cook or Jo Daviess county for offenses committed in Alexander or Pulaski county?" The meaning of the constitutional provision that one accused of crime shall have a right to be tried by a jury of the county or district in which the crime is alleged to have been committed has therefore been determined, and any district created by legislative action must be within the county and cannot extend beyond it. There would have been no reason for limiting the prosecution to the county where an offense is committed if the General Assembly could enlarge such territory by creating a district and thereby destroy the limitation. That being true as to the courts of original jurisdiction which are created by the constitution, it seems that the mere permissive power to establish courts in cities and incorporated towns ought not to enable the General Assembly to destroy the constitutional guaranty by creating a municipality extending beyond the county in which an offense is committed and treating it as a district in which persons accused of crime may be prosecuted.

The authority to create city courts is subject to the condition that the organization, jurisdiction, powers, proceedings and practice shall be uniform. The different provisions of the constitution must be construed together, and if a city court cannot be created in a particular city and such uniformity preserved, that city must be regarded as not within the power conferred. We have seen that the constitutional guaranty of trial by jury requires a jury of the county where an offense is alleged to have been committed, and under that rule the jurisdiction, powers, proceedings and practice of a court of a city situated in two

counties cannot be uniform with that of other city courts. In 1881 the General Assembly passed an act providing that each county in the State should constitute a justice's district except Cook county, and in that county the city of Chicago should be one district and the territory outside of the city should be another. The act was held void in *People* v. *Meech,* 101 Ill. 200, because the jurisdiction of justices under it would not be uniform, as required by the provision of the constitution concerning justices of the peace. It was held that the jurisdiction of justices of the peace consists of the persons or parties litigant, the subject or thing in dispute and the territory into which the process of the officer might run and be enforced, and that the territory in which a justice of the peace might act constitutes jurisdiction. The decision was, that when counties were adopted as a basis of districting, no other political division could be adopted in part without violating the clause of the constitution requiring uniformity of jurisdiction. The court said: "If this provision were sustained it would open the way to every species of special legislation on the subject of territorial jurisdiction of justices of the peace. In a portion of the counties it would be co-extensive with their boundaries; in others it would be confined to the township in which the justice might reside; in others justices in townships on county lines might send process into adjoining townships in other counties. In some the suits might be confined to the residence of the plaintiff and others to the township of the debtor, and a large number of other special laws might be suggested." If one accused of crime is entitled to trial by jury of the county where the offense is alleged to have been committed, a city court covering parts of two counties would require two grand juries and two petit juries, thereby exercising a power and jurisdiction not common to city courts in general. There is no law which authorizes the summoning of two grand juries or two petit juries so as to have one for offenses committed in

each county, and if such a law existed, a city court of Centralia, located in Marion county, would of necessity send its process into Clinton county, and one accused of having committed a crime in Clinton county would be indicted and tried in Marion county. It is argued that no act would be necessary because the court has an inherent power, in the absence of any statute, to summon a jury, but if that were so it would not obviate the objections to the creation of such a court. If such a power inheres in a court in the absence of a statute, it could not be exercised where there is a statute regulating the manner in which juries shall be summoned. The uniformity required by the constitution would be impossible under the rule that one accused of crime must be prosecuted in the county where the offense is committed.

Counsel for the defendant in error say that since the creation of the city court for a certain city, territory lying in an adjacent county has been added to the city, but that the city court has never attempted to exercise jurisdiction in that part of the city lying in the other county. The question of the legal existence of that court is, of course, not involved here, but there is a plain distinction between an attempt to apply a statute authorizing the creation of city courts to a city where such a court cannot exist, and the addition, by legislative authority, of territory in which the jurisdiction cannot be exercised. Such an addition of territory would merely add an area where the court could not exercise its jurisdiction.

Our conclusion is that the act cannot be applied to the city of Centralia without infringing upon constitutional rights and destroying the rule of uniformity which must be observed in the creation of courts.

The judgment is reversed and the cause remanded to the circuit court, with directions to overrule the demurrer.

*Reversed and remanded, with directions.*

FARMER and VICKERS, JJ., dissenting.