**Thomas O'Laughlin, Appellee, v. Mutual Health and Accident Association of America, Appellant.**

**U. C. Weinstock, Appellee, v. Centralia Gas and Electric Company, Appellant.**

JUDGMENTS, § 4*—*when may be reversed for want of court's legal existence.* Judgments entered by a City Court having no legal existence are wholly void and of no effect and may be reversed on appeal for the reason that the court had no jurisdiction.

Appeal from the City Court of Centralia; the Hon. ALBERT D. RODEN-BERG, Judge, presiding. Heard in this court at the March term, 1912. Reversed. Opinion filed May 1, 1914.

KAGY & VANDERVORT, for appellant Mutual Health & Accident Association.

L. B. SKIPPER and W. F. BUNDY, for appellee Thomas O'Laughlin.

W. F. BUNDY and NOLEMAN & SMITH, for appellant Centralia Gas & Electric Company.

L. B. SKIPPER, C. F. DEWAND and C. H. HOLT, for appellee U. C. Weinstock.

PER CURIAM : These cases both involve appeals from the City Court of Centralia. After these appeals had been heard by this court and opinions prepared in them, but before judgment was entered here, upon said appeals, the Supreme Court of this State in the case of *People v. Rodenberg,* 254 Ill. 386, held that the city of Centralia had no power under the Constitution to establish a City Court by virtue of the power conferred by the act in relation to courts of record in cities, for the reason that said city was located in two counties.

At the present term of this court, in the case of *People ex rel. Smith v. Rodenberg, ante,* p. 623, we

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

have affirmed the judgment of the Circuit Court of Marion county, entering judgment of ouster against said Albert D. Rodenberg, who is claiming to exercise the office of judge of said City Court by reason of an election to said office held under the act in relation to courts of record in cities, above referred to.   Under these circumstances we have concluded that the judgments in the above entitled causes should be and the same are hereby reversed for the reason that the court which entered the same had no legal existence and was without jurisdiction to hear and determine said causes, and that the judgments entered in said causes were wholly void and of no effect; and leave is given to the respective parties to withdraw records, abstracts and briefs filed by them in said appeals.

*Reversed.*