HOMER SMITH *et al.* v. STATE.

No. A-3654—Opinion Filed May 7, 1921.

(197 Pac. 712.)

(Syllabus.)

**VENUE—Commission of Crime Near County Boundary—Statute—Constitutionality.** Section 5613, Revised Laws 1910, in so far as it authorizes a crime to be prosecuted and punished in a county in which the offense was not committed, when the crime was com-

mitted within five hundred yards of the boundary line of the county, is unconstitutional and in conflict with section 29, art. 2, of the Constitution.

*Appeal from District Court, of Payne County;*

*Arthur R. Swank, Judge.*

Homer Smith and William Smith were convicted of the crime of assault with intent to do bodily harm, and appeal. Reversed.

*John P. Hickam,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *W. C. Hall* and *E. L. Fulton,* Asst. Attys. Gen., for the State.

MATSON, J.    This is an appeal from the district court of Payne county, wherein the plaintiffs in error, Homer Smith and William Smith, hereinafter designated defendants, were convicted of the crime of assault with intent to do bodily harm, and each sentenced to serve a term of three years' imprisonment in the state penitentiary.

From the judgment rendered against them on the 23rd of May, 1919, defendants have perfected an appeal to this court, and rely upon several grounds for reversal. In view of the disposition herein made of the cause, it will only be necessary to consider one of the questions presented.

The prosecution was instituted on the 1st day of May, 1918, by the county attorney of Payne county filing an information in the district court of said county, charging these defendants with having, in said county on the 11th day of March, willfully, unlawfully, feloniously and without justifiable or excusable cause, committed an assault upon the person of one J. B. McClain, with a sharp and dangerous weapon, to wit: a large stone, had and held

in the hands of them, the said Homer Smith and said William Smith, and they, said defendants, did then and there unlawfully, willfully and feloniously, and without justifiable or excusable cause, throw, knock down and hold upon the ground the body and head of him, the said J. B. McClain, with said rock, had and held as aforesaid, and did strike, beat, bruise. mangle and otherwise ill-treat the said J. B. McClain, etc.

J. B. McClain, the prosecuting witness, testified that the offense was committed in Creek county, Oklahoma, across the line from Payne county, a distance of approximately 18 feet. The additional undisputed evidence is also to the effect that this crime, if any, was committed wholly inside the boundaries of Creek county; that this fact was easily ascertainable by the county attorney of Payne county at the time the prosecution was commenced; and that although there was no dispute as to the crime having been committed within the boundaries of Creek county, the prosecuting attorney of Payne county instituted the prosecution in Payne county because of the provisions of section 5613, Revised Laws 1910, which provides as follows:

"When a public offense is committed on the boundary of two or more counties, or within five hundred yards thereof, the jurisdiction is in either county."

The trial court, in conformity with section 5613, *supra,* instructed the jury as follows:

"You are further instructed that when a public offense is committed on the boundary of two or more counties, or within five hundred yards thereof, the jurisdiction is in either county, and if you find from the evidence beyond a reasonable doubt that the defendants or either of them

committed the offense charged in the information on the boundary line between the county of Payne and the county of Creek, in the state of Oklahoma, or within five hundred yards on either side of said boundary line, then you are charged that the offense could be prosecuted in either of said counties and a conviction therefor can be had under the law, in Payne county, Oklahoma."

Objection was made to the giving of the foregoing instruction at the time it was given, and proper exception saved to the action of the court in giving same.

Section 5613, *supra,* was a part of the law of the territory of Oklahoma, in force prior to and at the time of the adoption of the state Constitution. Section 2 of the Schedule to the state Constitution provides:

"All laws in force in the territory of Oklahoma at the time of the admission of the state into the Union, which are not repugnant to this Constitution and which are not locally inapplicable, shall be extended to and remain in force in the state of Oklahoma until they expire by their own limitation or are altered or repealed by law."

Section 20 or article 2 of the state Constitution in part provides:

"In all criminal prosecutions the accused shall have the right to a speedy and public trial by an impartial jury. of the county in which the crime shall have been committed: Provided, that the venue may be changed to some other county of the state on application of the accused, in such manner as may be prescribed by law."

It is here contended by counsel for defendants that, that portion of section 5613, *supra,* which permits a criminal prosecution to be instituted in either county when the

offense is committed "within five hundred yards" of the boundary line of the counties, is clearly repugnant to the foregoing provision of section 20, article 2, *supra*, and was not extended in force in the state by section 2 of the Schedule to the Constitution.

As to this proposition of law, the Attorney General has the following to say:

"We do not find that this question has ever been passed upon by this court, and considering its importance, we have given some little study to the same, and made quite an extended search of the authorities. 1 Bishop on Criminal Procedure, section 63, states the rule in this regard to be as follows:

"Other statutes permit offenses committed within a defined distance from county lines to be prosecuted in either county. This was held not violative of the constitutional guaranty of a trial in the 'county or district' where tne offense was committed. But it is commonly deemea contrary to a clause having only the word 'county.'

"The Supreme Court of West Virginia went into an extended discussion of this question in the case of *State v. Lowe*, 21 W. Va. 782, and we quote from that case as follows:

" 'The twelfth section of chapter 152 of the Code of West Virginia, in so far as it authorizes a crime to be prosecuted and punished in a county in which the offense was not committed, when the crime was committed within one hundred yards of the boundary line of the county, is unconstitutional, null and void, it being in conflict with article 3, section 14, of the Constitution.'

"In this case the Supreme Court of West Virginia have reviewed practically every authority in existence at that time on this question, and clearly pointed out the difference between a constitutional provision guaranteeing a

defendant a trial by jury in the county where the crime was committed, and one guaranteeing any such trial by a jury from the county or district in which the crime was committed.

"The Supreme Court of Illinois in the case of *Buckrice v. People,* 110 Ill. 29, has also passed upon this question as follows:

" 'Section 5, division 10, of the Criminal Code, in so far as it authorizes a party to be tried for an offense committed entirely within one county, but one hundred rods from the county line in the adjoining county, is unconstitutional and void. Offenses committed on the county line or so near thereto as that the distance therefrom is unappreciable, may with propriety be regarded as having been committed in either county, and by doing so, no one is deprived of any constitutional right. But where the entire offense is committed within one county, and at an appreciable distance from the county line as in this case, at a distance of 70 rods, the party accused cannot be indicted and tried in another county for that offense.'

"The following authorities on statutes guaranteeing a defendant a trial by jury in the county where the crime was committed all hold that a statute similar to section 5613, *supra,* is unconstitutional and void: *Dougan v. State,* 30 Ark. 42; *Craig v. State,* 50 Tenn. 227; *State v. Kinchen,* (La.) 52 So. 185; *In re McDonald,* 19 Mo. App. 370.

"In our search we have been unable to find a single court which holds the statute in question is constitutional, where the provisions of the Constitution are the same as ours. In the following cases a similar statute was held constitutional, but the Constitution guaranteed a defendant a trial by jury from the county or district in which the crime was committed. Many of these cases rested their decision entirely upon the provision in the Constitutions. Others do not seem to refer to it. *State v. Brown* (Wis.) 19 N. W. 429; *State v. McDonald* (Wis.) 85 N. W. 502;

*Patterson v. State* (Ala.) 41 So. 157; *State v. Robinson,* 14 Minn. 447.

"A number of states have a statute similar to section 5613, *supra,* and the same is enforced, but such states have no constitutional provision guaranteeing a trial by jury from a county or district where the offense was committed, and the authorities all seem to hold that in the absence of a constitutional restriction a case may be tried in any county.

"It seems to the writer of this brief that the correct rule is stated by the Supreme Court of Illinois, wherein they state that it is proper under constitutional provisions similar to ours, for the Legislature to provide that where the offense is committed upon the boundary line between two counties, or so close thereto as to make it uncertain in which county it was committed, that in that event the jurisdiction would be in either county, but we seriously doubt, under our constitutional provision, the authority of the Legislature to provide that a crime committed within five hundred yards of the county line may be tried in another county."

The court is impelled to the conclusion reached by the Attorney General. Under section 20 of article 2 of the Constitution, a defendant is entitled to a trial by a fair and impartial jury of the county in which the crime was committed, and where it is easily ascertainable that the crime is committed in one county, as it was in this case, the prosecution must be instituted in the county where the crime was committed. We think the Legislature undoubtedly had authority to provide that where the public offense is committed on the boundary line of two or more counties, or so close thereto as to make it uncertain in which county it was committed, that the jurisdiction would be in either county. This would be a proper safeguard to the state,

and would not deprive a defendant of any constitutional right, because in such instances the crime could with propriety be regarded as having been committed in either county, as held by the Supreme Court of Illinois, in the case of *Buckrice v. People,* 110 Ill. 29, *supra,* but to extend the jurisdiction five hundred yards on either side of the county line is clearly an arbitrary and unreasonable act on the part of the Legislature, because the surveys of the boundaries of the county are so well known that proof of the venue of an offense is ordinarily easily obtained, and where the offense was not committed on the boundary line of two counties, nor so close thereto as to be doubtful in which county it was committed, the prosecution must be commenced in the county where the undisputed evidence shows the offense was committed. Otherwise, the defendant, by legislative action, could be arbitrarily deprived of the constitutional guarantee afforded him by section 20, article 2, *supra.* To hold that jurisdiction may be in either county under such provision where the venue is known to the complaining witness and, therefore, easily ascertainable by the prosecuting officer before the institution of the prosecution, would in effect grant a change of venue to the state also in contravention of section 20, article 2, *supra.*

For the reasons stated, the conclusion is reached that the district court of Payne county had no jurisdiction of the offense charged against these defendants. and the judgment is reversed, with instructions to the trial court to dismiss the prosecution.

DOYLE, P. J., and BESSEY, J., concur.