## MARION CLEVELAND v. STATE.

No. A-6884. Opinion Filed Nov. 17, 1928.
(271 Pac. 863.)

Starkweather & Manning, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error hereinafter called defendant, was convicted in the district court of Caddo county on a charge of bigamy and was sentenced to serve a term of 1½ years in the state penitentiary.

The record is practically undisputed, and discloses that in July, 1925, the defendant, then 19 years of age, married a girl 16 years of age. This first marriage took place in Caddo county. A suit to annul was instituted, but the marriage was not annulled. In December, 1926, defendant, then 20 years of age, again married, this time in Grady county, Okla. He was subsequently arrested in Caddo county and charged with bigamy in that county, the charge being based on the second marriage, but the indictment alleges that it was entered into in Caddo county and further alleges that defendant lived with the person to whom he was married for a period of two weeks in Caddo county.

The contention is made that the district court of Caddo county was without jurisdiction, since the marriage was solemnized in Grady county. Upon this contention

the Attorney General has filed a confession of error, going into the question at length and in substance admitting that the district court of Caddo county is without jurisdiction.

The prosecution is under the provisions of section 1862, Comp. Stat. 1921, which defines bigamy as follows:

"Any person who having been married to another who remains living, marries any other person except in the cases specified in the next section is guilty of bigamy."

None of the exceptions in the section following section 1862 have any application in this case. It will be noted from the definition of bigamy contained in this section that the act made criminal is the second marriage to another person by one who has another living husband or wife, as the case may be. The Legislature might have made the subsequent unlawful cohabitation bigamy as well as the unlawful second marriage. It has not done so, however, except in cases where marriage of divorced persons takes place within the period prohibited by the statutes. Chapter 119, Session Laws 1925. Cohabitation with the second spouse is not made a material part of the crime, and the allegation in the indictment in reference to cohabitation with the second spouse is surplusage. In 7 C. J. p. 1162, § 15, it is said:

"Cohabitation under the second marriage is not requisite, but the offense of bigamy is committed when the second marriage is solemnized."

See, further, State v. Smiley, 98 Mo. 605, 12 S. W. 247; Beggs v. State, 55 Ala. 108; Cox v. State, 117 Ala. 103, 23 So. 806, 41 L. R. A. 760, 67 Am. St. Rep. 166; Scoggins v. State, 32 Ark. 205; Wilson v. State, 16 Okla. Cr. 471, 184 P. 603.

In the Arkansas case, which construes a statute identical with section 1862, supra, it was held:

"It is the marrying by a person who has a husband

or wife living that constitutes the offense of bigamy under our statute, and the offense is complete upon the second marriage; subsequent cohabitation does not enter into it, or render it a continuing offense."

Since subsequent cohabitation under this statute does not constitute bigamy, the offense charged was not committed in Caddo county. Section 20, art. 2, of the state Constitution in part provides:

"In criminal prosecutions the accused shall have the right to a speedy and public trial by an impartial jury of the county in which the crime shall have been committed. * * *"

The prosecution was instituted under the provisions of section 2432, Comp. Stat. 1921, as follows:

"When the offense either of bigamy or incest is committed in one county and the defendant is apprehended in another, the jurisdiction is in either county."

If this section of the statute is valid and not in contravention of section 20, art. 2, of the Constitution, supra, the judgment might be upheld. It is fundamental, however, that under a constitutional provision which provides that a defendant is entitled to a trial by a jury of the county in which the offense was committed, the attempt to confer jurisdiction of the prosecution to courts of another county is void. 8 R. C. L. p. 99, section 59. See, also, State v. Carroll, 55 Wash. 588, 104 P. 814, 133 Am. St. Rep. 1047, 19 Ann. Cas. 1234; Wilson v. State, supra; Ex parte Lucas, 33 Okla. Cr. 407, 243 P. 990; Smith v. State, 18 Okla. Cr. 603, 197 P. 712.

In the case of State v. Smiley, supra, the Supreme Court of Missouri held:

"That clause of Revised Statutes 1879, section 1536, which authorizes the indictment of one charged with bigamy in any county in which he may be apprehended, is unconstitutional."

In the body of the opinion, the court said:

"The indictment is based on section 1533, and cohabitation is not made an element of the offense therein described. The offense was completed in Johnson county when the second marriage was solemnized. State v. Fitzgerald, 75 Mo. 572. The indictment should have been preferred by a grand jury of Johnson county, unless it can be upheld by force of the last clause of section 1536; namely, 'Or in the county in which the offender may be apprehended.' There can be no doubt but the allegations of the indictment are sufficient to bring the case within this clause.

"This clause has nothing to do with the elements of the offense, and relates alone to the place where the indictment may be found. Now under the Constitution of 1875, the indictment for a felony must be found by a grand jury of the county where the offense was committed. It was so ruled, after mature deliberation, in Ex parte Slater, 72 Mo. 102, and that ruling has been followed in subsequent cases. State v. McGraw, 87 Mo. 161, and State v. Briscoe, 80 Mo. 644. It follows that the clause of section 1536 just quoted is void, because in conflict with the Constitution of 1875, and it matters not that it might have been upheld under the Constitution of 1865. The indictment is worthless, for the Madison circuit court had no jurisdiction of the offense."

In the case of Walls v. State, 32 Ark. 565, the Supreme Court of Arkansas, in construing a statute under the constitutional provision substantially the same as ours, said:

"The Legislature has no more power to provide that a man be indicted for bigamy in any county where he may be apprehended, regardless of the county in which the offense may have been committed, than it has to make a like provision as to murder, or any other crime. The constitutional provision is the paramount law, and cannot be disregarded. The second marriage being void, the parties might be indicted for adultery in any county where they might be found cohabiting as husband and wife, if the law so provided, but not for bigamy."

Since the bigamous marriage was entered into in Grady county, defendant was entitled to a "speedy and public trial by an impartial jury" of that county. He could not be prosecuted in any other county. The district court of Caddo county was without jurisdiction. It is unnecessary to discuss the other questions presented. Section 2432, Comp. Stat. 1921, is clearly in contravention of section 20, art. 2, of the Constitution.

The cause is reversed and remanded, with instructions to the district court of Caddo county to dismiss the case for want of jurisdiction and to direct the sheriff, of Caddo county, if defendant be in his custody, to deliver him to the proper officers of Grady county in order that he may be prosecuted in that county, if they desire to do so.

DOYLE, P. J., and DAVENPORT, J., concur.