Vehicle Weight Violation — Crime — Venue — Jurisdiction It would be the better practice for criminal actions relating to size, weight and load of motor vehicles (47 O.S. 14-101 [47-14-101] to 47 O.S. 14-117 [47-14-117] (1961), as amended in 1968), to be brought in the county wherein such offenses are detected. The Attorney General has had under consideration your letter dated April 26, 1968, which was supplemented by another letter of later date. The substance of these letters is as follows: Under the provisions of 47 O.S. 14-101 [47-14-101] — 47 O.S. 14-117 [47-14-117] (1961) and 47 O.S. 161 [47-161] — 47 O.S. 176 [47-176], all as amended in 47 O.S. 1967 the Department of Public Safety, Oklahoma Tax Commission and Oklahoma Corporation Commission are all given duties with reference to enforcement of certain laws relating to size, weight and load of motor vehicles and motor carriers. There are criminal penal provisions contained in said sections, under which violations may be prosecuted. Located at the Tulsa end of the Turner Turnpike, in Tulsa County, is a weigh station which is utilized by agents of the State departments named above for inspection of motor vehicles for possible violations of the laws relating to size, weight and load. You state that you have been advised that in many instances it has been the practice of such agents, when they find a vehicle in violation of said laws, to take the driver to Creek County and there file the appropriate criminal charges. With regard to such practice, your query is as follows: "Therefore, I request an opinion from your office, as to the legality of filing on these motor carrier violators in Creek County, Oklahoma, by agents of the various departments of state government, when they are actually stopped, inspected and it is determined that they are in violation of the law in Tulsa County, Oklahoma." ArticleII, Section 20 of the Oklahoma Constitution provides, in that part relevant to your question, as follows: "In all criminal prosecutions the accused shall have the right to a speedy and public trial by an impartial jury of the county in which the crime shall have been committed or, where uncertainty exists as to the county in which the crime was committed, the accused may be tried in any county in which the evidence indicates the crime might have been committed. . . ." The Oklahoma Court of Criminal Appeals has found little, if any, difficulty in holding that said constitutional provision is unambiguous in its guarantee to an accused of the right to a trial in the county in which the crime is alleged to have been committed, and, upon timely objection made by an accused, that court has acted to bar a trial in another county. See Ex parte Jackson, 45 Okl. Cr. 448 287 P. 786. Moreover, said court has struck down statutes as unconstitutional when they were found to contravene said Article II, Section 20 of the Oklahoma Constitution. See the case of Cleveland v. State, 41 Okl. Cr. 108, 271 P. 863, in which the court held constitutionally defective a statute which authorized a bigamy prosecution in any county in which the accused should be apprehended, and Smith v. State,18 Okl. Cr. 603, 197 P. 712 in which the same action was taken in regard to a statute authorizing a crime to be prosecuted in a county in which such crime was not committed, when.same was committed within 500 yards of the boundary line of the county. It should be noted, however, that in the case of Madewell v. Page, Okl. Cr., 421 P.2d 288, the Court of Criminal Appeals significantly stated this in the second paragraph of the syllabus: "Right guaranteed by State Constitution to trial in county where offense was committed relates to venue, rather than jurisdiction, and may be waived by failure to make objection at or before trial, or by entering a plea of guilty to the information, preventing raising of question on appeal or in habeas corpus proceeding." In the fact situation which you have outlined, it is clear that the offenses in question occur where the motor vehicles are weighed, measured or otherwise inspected and found to be in violation of the applicable statute or regulation relating to same. Under such facts, this is in Tulsa County and this is where the appropriate criminal charges should be filed. In answer to your question, however, the fact that such charges are filed in Creek County does not go to the "legality" of the proceedings, as you suggest in your question. As the case of Madewen v. Page, supra, advises, the fact that such charges are not filed in the proper county does not go to the jurisdiction of that particular court to hear the matter. The question of proper venue may be waived by a defendant and is so waived if such defendant fails to timely raise the question, or if he pleads guilty to the charge. The Attorney General concludes, in answer to your question, that it would be the better practice for criminal actions relating to size, weight and load of motor vehicles to be brought in the county wherein such offenses are detected. (Charles L. Owens)