(No. 32011.—

THE PEOPLE *ex rel.* Walter C. Wellman, Appellant, *vs.* ROBERT M. WASHBURN *et al.,* Appellees.

*Opinion filed November 27, 1951.*

WALTER C. WELLMAN, of Centralia, appellant, *pro se.*

ORVILLE L. WOLLARD, and WILLIAM C. STEPHENS, both of Centralia, for appellees.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

This is an appeal from an order of the circuit court of Marion County dismissing an amended petition for a writ of *mandamus* filed by appellant, herein referred to as petitioner, to compel the city council of the city of Centralia to certify petitioner's name as a candidate for the

office of police magistrate at the general municipal election, to redistrict the voting districts of the city, and to compel the city clerk to place petitioner's name on the official ballot, and, in the alternative, that if the cause not be finally determined prior to such election that a special election be called for the election of two police magistrates.

It appears from the petition that the city of Centralia was incorporated by a special act on February 18, 1859, which provided for the election of one police magistrate and that the charter was amended on February 22, 1861, to provide for one additional police magistrate. It further appears that at the time of its original incorporation, all of the territory embraced within the corporate limits was located in Marion County but that subsequently, in the year 1890, territory in Clinton County was annexed to the city.

While it is not alleged in the petition that a change has been made in the city's organization, the courts are required to take judicial notice of any change of incorporation of the city of Centralia from its original organization to incorporation under the general act for the incorporation of cities and villages. (Ill. Rev. Stat. 1949, chap. 24, par. 4-1; *City of Rock Island* v. *Cuinely,* 126 Ill. 408; *Jones* v. *Town of Lake View,* 151 Ill. 663.) The electors of the city did adopt the general act in 1893 and this court takes judicial notice of that fact. The city government was subsequently changed to, and now operates under, the commission form of government.

Petitioner argues that, since there were ten grounds specified for the motion to strike, the court below erred in entering the order sustaining the motion without specifying in its order the particular ground upon which the order was based. There is nothing in the statutes nor in the rules of this court requiring such a specification. The form of the order entered was entirely sufficient.

The substance of the question here is whether the office of police magistrate presently exists in the city of Centralia, which city is located in both the counties of Marion and Clinton. We have no doubt but that the office of police magistrate was mandatory under the original incorporation of the city since the special act provided for the election of officers, designating them, and included in such designation was one police magistrate. It therefore becomes necessary to ascertain the effect of the change in the city's organization. After the adoption of the general act, the city was governed under the provisions of that act until the change to the commission form of government. The general act under which it operated provided: "Laws in conflict with this act shall no longer apply to such cities and villages. But laws not inconsistent with the provisions of this act, shall continue in force and apply to any such city or village, the same as if the incorporation or change of incorporation had not taken place." The above provision has been incorporated in the Revised Cities and Villages Act. (Ill. Rev. Stat. 1949, chap. 24, par. 4-1.) The general act provided that a police magistrate "may" be elected and was inconsistent with the mandatory provision of the special act so that, in effect, the special act was repealed. For the purposes of this suit, it is our opinion that we may consider the matter as though the city has never operated under any but the general act.

The statutes do not make the office of police magistrate mandatory either under the aldermanic or commission form of city government and that office is not included in the offices which must be filled. The statute provides that a police magistrate "may" be elected. (Ill. Rev. Stat. 1949, chap. 24, par. 9-73.) There is nothing in the record to indicate that the city has adopted an ordinance providing for the election of a police magistrate, which is the only

means available for the city authorities to exercise their discretionary powers, and we must assume that no such ordinance has been adopted. It is our opinion that, under the statutory provisions, the election of a police magistrate was not mandatory and was within the discretion of the city council.

A somewhat similar situation came before this court from the city of Centralia in the case of *People ex rel. Smith* v. *Rodenberg,* 254 Ill. 386. In that case, a *quo warranto* proceeding was filed against the sitting judge of the city court calling upon him to show by what warrant he held the office of judge of a pretended city court. It was there held that the office was held without warrant or authority and thereby the rule was established that the act providing for the establishment of city courts could not be applied in the city of Centralia without infringing upon constitutional rights and destroying the rule of uniformity which must be observed in the creation of courts. This court, in the *Rodenberg case,* at page 392, said: "The authority to create city courts is subject to the condition that the organization, jurisdiction, powers, proceedings and practice shall be uniform. The different provisions of the constitution must be construed together, and if a city court cannot be created in a particular city and such uniformity preserved, that city must be regarded as not within the power conferred. We have seen that the constitutional guaranty of trial by jury requires a jury of the county where an offense is alleged to have been committed, and under that rule the jurisdiction, powers, proceedings and practice of a court of a city situated in two counties cannot be uniform with that of other city courts."

One difference between the *Rodenberg case* and the case at bar is that a police magistrate has jurisdiction of misdemeanors only, while city courts have jurisdiction over greater criminal offenses. Persons accused of misdemeanors are entitled to the same right of trial by jurors

selected from the county in which the offense was alleged to have been committed as those accused of graver offenses. The difference, therefore, is one of degree, only.

The other difference between this case and the *Rodenberg case* is that police magistrates are officers created by the constitution, while city courts are created by statute. Petitioner argues persuasively that the authority to create city courts was vested in the legislature and infers that the basis for the decision in the *Rodenberg case* hinged upon that fact, and it is not authority in the case at bar because a police magistrate is a constitutional officer. A careful examination of the reasoning in that case, however, discloses that the decision was based upon the violation of the uniformity required by the constitution in the organization, jurisdiction, powers, proceedings and practice of all courts of the same class or grade and the violation of the constitutional provisions covering the right of trial by jury. We adhere to the principles set forth in that case insofar as they apply here.

It is necessary to examine the provisions of the constitution affecting the question of whether the office of police magistrate exists in a city which lies in two counties. Section 1 of article VI of the constitution of 1870 provides that judicial powers shall be vested in one Supreme Court, circuit courts, county courts, justices of the peace, police magistrates and such other courts as may be created by law in and for cities and incorporated towns. Section 21 of article VI provides that justices of the peace, police magistrates and constables shall be elected in and for such districts as are, or may be, provided by law, and the jurisdiction of such justices of the peace and police magistrates shall be uniform, and section 29 of the same article makes it mandatory that all laws relating to courts be general and of uniform operation, and that the jurisdiction and powers of courts of the same class or grade shall be uniform. Police magistrates and justices of the peace are

courts of the same grade and have the same jurisdiction. If the office of police magistrate was established here, the rule of uniformity would be violated, since a police magistrate for the city of Centralia would not have jurisdiction of cases arising in all parts of the city in which he was elected, as have police magistrates in cities located all in the same county. While section 21 declares that police magistrates "shall" be elected, later in the same section, it is provided that they shall be elected in such districts as are provided by law. The "district" in which petitioner demands the election of a police magistrate is the city of Centralia, which lies in two counties. In this connection, the word "district" is descriptive of the territory over which the jurisdiction of the court extends for the purpose of prosecution for the commission of misdemeanors. A district so created cannot extend beyond the limits of the county. (*People* v. *Rodenberg,* 254 Ill. 386; *Weyrich* v. *People,* 89 Ill. 90; *Buckrice* v. *People,* 110 Ill. 29.) Sections 5 and 9 of the bill of rights, (article II) prescribing the right of trial by an impartial jury of the county or district in which the offense is alleged to have been committed, would require that persons accused of misdemeanors committed in Clinton County be entitled to a trial by a jury made up of jurors of Clinton County while those tried for the same offense in Marion County would be entitled to a Marion County jury.

All parts of the constitution must be construed together. While one article or section is entitled to the same weight as any other article or section, the whole must be construed so that the general intent will prevail. The bill of rights incorporated in our constitution is a restatement and adoption of the very principles upon which our freedom is based and is generally admitted to be our greatest heritage. Where any act of the legislature or other provision of the constitution, in a particular case, tends to infringe upon the rights thus preserved, we must assume

that it was the intent of the framers thereof that there should be no curtailment of such rights.

We are of the opinion that to force the city authorities to provide for a police magistrate in the city of Centralia would be a violation of the constitutional provision relative to uniformity and an infringement of the constitutional right of trial by jury. In view of our opinion herein expressed, we see no necessity for going into the question of redistricting the city, since that question was collateral to the main issue. Furthermore, petitioner fails to allege sufficient facts to require redistricting.

The judgment of the trial court is affirmed.

*Judgment affirmed.*