FIRST DIVISION

March 23, 1998 

No. 1-95-4312

THE PEOPLE OF THE STATE OF ILLINOIS,

Plaintiff-Appellee,

v.

WILLETTE BENFORD,

Defendant-Appellant.

)

)

)

)

)

)

)

)

)

Appeal from the

Circuit Court of

Cook County

Honorable

John J. Moran,

Judge Presiding.

JUSTICE GALLAGHER delivered the opinion of the court:

A jury convicted defendant, Willette Benford, of first degree murder for the death of Patricia Phillips.  The trial court sentenced defendant to 50 years in prison.  Defendant next brought this timely appeal, asserting that: (1) she was denied a fair trial by the trial court's admission of an evidentiary photograph of the decedent's nude body, where it depicted a large, unexplained laceration on the decedent's body; (2) during sentencing, the trial court improperly considered victim impact statements in violation of the Rights of Crime Victims and Witnesses Act (725 ILCS 120/1 
et
 
seq.
 (West 1994)), thus entitling defendant to a new sentencing hearing; and (3) the judgment order erroneously reflected concurrent sentences of 50 years' imprisonment on two counts of murder, where Patricia Phillips was the only victim in this case.  We affirm defendant's conviction and sentence, and we modify the trial court's written order of judgment to reflect defendant's conviction on a single count of first degree murder.

The evidence at trial showed that, in the early morning hours of January 31, 1995, defendant, while driving her mother's car, struck and killed Patricia Phillips outside Jasmin's, a Chicago nightclub located on Hubbard Street near Halsted.  Defendant and Ms. Phillips were romantically involved, and the two had quarreled while dancing at the nightclub that morning.  

Eyewitness testimony from club patrons and security personnel revealed that, at approximately 2:50 a.m., defendant hurriedly exited the premises.  Defendant then got into a dark Cadillac, borrowed from her mother.  Ms. Phillips followed defendant out, but defendant refused to let her into the Cadillac.  As defendant began to pull away, Ms. Phillips leaped onto the hood of the vehicle, directly in front of the steering wheel.  Defendant pulled out of the parking space and caused Ms. Phillips to fall off of the car and into the street.  The Cadillac, with defendant driving, sped westbound on Hubbard and then made a U-turn.  The car next proceeded eastbound on Hubbard back toward the spot where Ms. Phillips lay.  Before the eyewitnesses could assist Ms. Phillips out of the street, defendant struck the victim with her mother's Cadillac and proceeded eastbound on Hubbard.

The eyewitness testimony diverged somewhat on the description of this initial hit.  A club patron testified that it appeared as if all four wheels ran over the victim.  However, a club security guard stated that when the Cadillac struck the victim, her body "flew" vertically and landed slightly north from where she had originally lain in the street.  Nevertheless, both eyewitnesses testified that defendant stopped the car at the stop sign located where Hubbard and Halsted Streets intersect, backed up some 40 or 50 feet, and struck the victim a second time.

After the second hit, defendant again drove eastbound toward Halsted Street and sped away.  The victim, Patricia Phillips, was taken by ambulance to Northwestern Memorial Hospital, where she was ultimately pronounced dead.  Rockford police arrested defendant outside her mother's house later that day--but only after the Cadillac's license plate had been traced to her mother's Rockford address.  

The defense offered two alternative theories at trial: (1) defendant's conduct resulted from a serious provocation by the victim and that this provocation sufficiently mitigated the offense to second degree murder; and (2) defendant did not intentionally run over the victim and thus was guilty only of reckless homicide.  Although the jury received instructions on each of these defenses, it found defendant guilty of first degree murder.

In her first argument on appeal, defendant complains that she was denied her right to a fair trial when the trial court allowed the jury to view an inflammatory, nude autopsy photograph of the victim showing a large laceration near the victim's pubic region.  The trial court admitted four 
post
 
mortem
 photographs of the victim, including People's exhibit number 34 (hereinafter exhibit No. 34).  Defendant asserts that because the State failed to introduce any evidence that a laceration depicted in exhibit No. 34 was caused by the car's impact, the admission of that photograph served only to inflame the passions of the jury and unfairly prejudice defendant.  In support of her argument, defendant cites 
People v. Gonzalez
, 265 Ill. App. 3d 315, 637 N.E.2d 1135 (1994), wherein it was held that a staged photograph highlighting a gunshot wound to the victim's penis was more inflammatory than probative of any fact at issue in the case.  Defendant concludes that she is entitled to a new trial.

The decision to permit the jury to view photographs of a decedent rests within the sound discretion of the trial court.  
Gonzalez
, 265 Ill. App. 3d at 324-25, 637 N.E.2d at 1142, citing 
People v. Henderson
, 142 Ill. 2d 258, 568 N.E.2d 1234 (1990).  Such photographic evidence is admissible if relevant, so long as it is not so inflammatory or prejudicial that it outweighs its probative value.  
Gonzalez
, 265 Ill. App. 3d at 325, 637 N.E.2d at 1143.  These types of photographs are relevant and therefore admissible if they may aid the jury in understanding testimony, despite the fact that the photographs may be cumulative of that testimony.  
Gonzalez
, 265 Ill. App. 3d at 325, 637 N.E.2d at 1143.

The State contends that defendant has waived appellate review of her objection to the autopsy photograph.  The State points out that defendant stipulated to the testimony that explained the victim's injuries in the various photographs.  If such testimony was somehow inadequate, the State reasons, defendant should not have agreed to allow it to be admitted, citing 
People v. Sclafani
, 166 Ill. App. 3d 605, 610, 520 N.E.2d 409, 412 (1988)(holding that an accused may not complain of evidence that he or she has stipulated into the record).  Moreover, defendant failed to object to the admission of exhibit No. 34 either at trial or in her posttrial motion.  To preserve an issue for appellate review, a defendant must make a timely objection at trial 
and
 file a written posttrial motion that identifies the alleged error.  
People v. Enoch
, 122 Ill. 2d 176, 186, 522 N.E.2d 1124, 1129-30 (1988).  Because defendant failed to properly preserve this issue for review, we deem her objection to exhibit No. 34 waived.

Nevertheless, defendant asserts that we should consider the issue of the photo pursuant to Supreme Court Rule 615(a) (134 Ill. 2d R. 615(a)), the plain error rule.  The plain error rule allows for appellate review in criminal cases even though a defendant has not properly preserved an error for review, where the evidence is closely balanced or where the error adversely affected the defendant's right to a fair trial.  
People v. Mullen
, 141 Ill. 2d 394, 401-02, 566 N.E.2d 222, 226 (1990).  

The evidence in this case was not closely balanced.  Defendant herself testified that the victim rolled off the hood of the car as she pulled away, that she drove with her headlights on, and that she thought she hit something after she turned around.  Two eyewitnesses testified that they saw defendant drive the car into the victim--
twice
.  One eyewitness also testified that, after the initial impact, he was close enough to the car to open its door and scream "you just hit her" at the driver.  All of this testimony overwhelmingly supported the State's theory that defendant intentionally struck the victim.  Moreover, even assuming that the trial court erred in admitting the complained-of photograph--and that such error adversely affected plaintiff's right to a fair trial--we find that any such error fails to warrant reversal in light of the overwhelming eyewitness testimony.  
People v. Gonzalez
, 265 Ill. App. 3d at 325, 637 N.E.2d at 1143 (admission of grisly photographs depicting wounds to victim's genitals, though improper, did not constitute reversible error); 
People v. Peterson
, 171 Ill. App. 3d 730, 525 N.E.2d 946 (1988) (improper admission of inflammatory 
post
 
mortem
 photographs did not constitute reversible error).

Defendant alternatively asserts that she was denied the effective assistance of counsel, where her trial counsel failed to object to the admission of exhibit No. 34.  For defendant to prevail on a claim of ineffective assistance of counsel, she must establish that the representation she received was objectively unreasonable and that, absent counsel's unprofessional errors, the result of the proceedings would have been different.  
Strickland v. Washington
, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984), 
rev'g
 693 F.2d 1243 (5th Cir. 1982).  Given our determination that any error in the admission of exhibit No. 34 does not warrant reversal, we hold that defendant fails to demonstrate that she was prejudiced by her counsel's omission; thus, her ineffective assistance claim also fails.

Defendant next charges that the trial court erred during the sentencing phase of the trial when it considered 12 victim impact statements, in violation of the Rights of Crime Victims and Witnesses Act.  725 ILCS 120/1 
et
 
seq.
 (West 1994).  Defendant claims that the trial court's violation of the precepts of this act requires this court to grant her a new sentencing proceeding.  While the trial court may have erred in considering extra victim impact evidence, we reject defendant's argument that she is entitled to a new sentencing hearing.

Defendant correctly points out that the victim of a violent crime enjoys the statutory right to present a victim impact statement.  725 ILCS 120/6 (West 1994).  The statutory definition of a "crime victim" includes "a single representative who may be the spouse, parent, child or sibling of a person killed as a result of a violent crime perpetrated against the person killed."  725 ILCS 120/3(a)(3) (West 1994).  Defendant contends that the trial court erred because it did not consider the victim impact statement of "a single representative" but, rather, it considered victim impact statements from 12 people.  Furthermore, the trial court's conduct was particularly egregious, according to defendant, insofar as 10 of the individuals submitting impact statements did not even qualify as crime victims under section 3(a)(3).  Indeed, the record suggests that, in accepting and considering the impact statements offered by the prosecution, the trial court did not comply with the provisions of the Act. 

Yet even if this court were to find that the trial court erred when it considered more than one victim impact statement, such a finding would avail defendant nothing.  The Rights of Crime Victims and Witnesses Act specifically states: "
Nothing in this Act shall create a basis for vacating a conviction or a ground for appellate relief in any criminal case
."  (Emphasis added.)  725 ILCS 120/9 (West 1994).  As the title of the Act suggests, it was intended as a shield to protect the rights of victims and witnesses forced, through no fault of their own, to participate in the criminal justice system.  The language quoted above, delineating the scope of the Act, expressly reveals that its provisions may not be used as a sword by criminal defendants seeking appellate relief.  Accordingly, we reject defendant's second point of error. 

Finally, although defendant was convicted of a single count of first degree murder and sentenced to one 50-year term in the Illinois Department of Corrections, the judgment order incorrectly reflects that two concurrent sentences of 50 years were imposed on two counts of first degree murder.  Both sides agree that where there is only one victim, judgment is properly entered on only one murder conviction.  
People v. Williams
, 215 Ill. App. 3d 800, 814-15, 576 N.E.2d 68, 77 (1991).  Therefore, we modify the trial court's written order of judgment to conform to the trial court's oral pronouncement of one sentence of 50 years' imprisonment on a single count of first degree murder.

In light of the foregoing, we affirm the judgment of the circuit court of Cook County as modified.

Affirmed as modified.

CAMPBELL, P.J., and O'BRIEN, J., concur.