Docket No. 88670–Agenda 5–November 2000.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. HAROLD RICHARDSON, Appellant.

Opinion filed April 19, 2001.

CHIEF JUSTICE HARRISON delivered the opinion of the court:

Defendant, Harold Richardson, was convicted of first degree murder (720 ILCS 5/9–1(a)(1) (West 1994)) and aggravated criminal sexual assault (720 ILCS 5/12–14(a)(2) (West 1994)) following a bench trial in the circuit court of Cook County, and sentenced to consecutive prison terms of 34 and 6 years respectively. On direct appeal, defendant sought a new sentencing hearing, arguing that the trial court improperly considered multiple victim impact statements in violation of the Rights of Crime Victims and Witnesses Act (Act) (725 ILCS 120/1 
et seq
. (West 1998)), and that the provision of the Act prohibiting its use as a ground for appellate relief was unconstitutional. The appellate court affirmed the judgment of the circuit court. No. 1–98–1348 (unpublished order under Supreme Court Rule 23). We allowed defendant’s petition for leave to appeal. 177 Ill. 2d R. 315.

The evidence adduced at trial established that defendant and several others participated in the sexual assault, beating and strangulation of Nina Glover. At sentencing, the State presented the written victim impact statements of Glover’s two daughters and of her mother. Defendant argues before this court that the trial court’s consideration of three victim impact statements violates the plain language of the Act. We agree.

“In the exercise of statutory construction, our primary task is to ascertain and effectuate the intent of the legislature.” 
People v. Pullen
, 192 Ill. 2d 36, 42 (2000). The most reliable indicator of legislative intent is the language of the statute itself. 
People v. Robinson
, 172 Ill. 2d 452, 457 (1996). The language of the statute must be given its plain and ordinary meaning, and where the language is clear and unambiguous, we have no occasion to resort to aids of statutory construction. 
Pullen
, 192 Ill. 2d at 42. Further, a statute should be construed so that no word or phrase is rendered superfluous or meaningless. 
Kraft, Inc. v. Edgar
, 138 Ill. 2d 178, 189 (1990). Because the construction of a statute is a question of law, our review is
 de novo
. 
Robinson
, 172 Ill. 2d at 457.

Section 6(a) of the Act sets forth the right of the victim to present a victim impact statement for the court’s consideration at the sentencing of a defendant convicted of a violent crime. 725 ILCS 120/6(a) (West 1998). The statutory definition of “crime victim,” for purposes of section 6(a), includes “a single representative who may be the spouse, parent, child or sibling of a person killed as a result of a violent crime perpetrated against the person killed.” 725 ILCS 120/3(a)(3) (West 1998). It is therefore clear from the plain and unambiguous language of the statute that, while Nina Glover’s parent or either of her two children could have qualified as the “crime victim” under section 3(a)(3), the trial court did not comply with the Act where it accepted and considered the victim impact statements of all three persons rather than of “a single representative” of the deceased. 720 ILCS 120/3(a)(3) (West 1998); see 
People v. Benford
, 295 Ill. App. 3d 695, 700 (1998).

Having found a violation of the statute, the issue before this court becomes whether the trial court’s improper consideration of multiple victim impact statements entitles defendant to a new sentencing hearing. Defendant acknowledges section 9 of the Act, which states: “Nothing in this Act shall create a basis for vacating a conviction or a ground for appellate relief in any criminal case.” 725 ILCS 120/9 (West 1998). Defendant contends that section 9 is unconstitutional because it violates two provisions of the Illinois Constitution of 1970, the separation of powers clause set forth in article II, section 1 (Ill. Const. 1970, art. II, §1), and the right to appellate review guaranteed by article VI, section 6 (Ill. Const. 1970, art. VI, §6). However, it is unnecessary to address these arguments because we find another provision of our state constitution dispositive of this issue.

Article I, section 8.1, of the Illinois Constitution (the Amendment), an amendment adopted November 3, 1992, is entitled “Crime Victim’s Rights” and states, in part, that “[c]rime victims, 
as defined by law
, shall have the following rights as provided by law: *** [t]he right to make a statement to the court at sentencing.” (Emphasis added.) Ill. Const. 1970, art. I, §8.1(a)(4). Thus, here, because section 3(a)(3) of the Act defines “crime victim” to mean “a single representative *** of a person killed,” the Amendment would allow for only one victim impact statement to be made to the court at sentencing. 725 ILCS 120/3(a)(3) (West 1998). However, like the Act, the Amendment further provides: “Nothing in this Section or in any law enacted under this Section shall be construed as creating a basis for vacating a conviction or a ground for appellate relief in any criminal case.” Ill. Const. 1970, art. I, §8.1(d). Thus, defendant is prohibited by our constitution from seeking appellate relief on the ground that more than one victim impact statement was presented and considered at his sentencing.

The United States Constitution does not require the states to grant appeals as of right to criminal defendants seeking to review alleged trial court errors. 
Evitts v. Lucey
, 469 U.S. 387, 393, 83 L. Ed. 2d 821, 827, 105 S. Ct. 830, 834 (1985). Illinois, however, has granted criminal defendants the right to appeal “final judgments of a Circuit Court,” in article VI, section 6, of our state constitution. Ill. Const. 1970, art. VI, §6. Thus, it is incumbent upon this court to harmonize, if practicable, article I, section 8.1(d), and article VI, section 6, which initially appear to be in conflict. See 
Oak Park Federal Savings & Loan Ass’n v. Village of Oak Park
, 54 Ill. 2d 200, 203 (1973).

All parts of the constitution must be construed together and, although one article or section is entitled to the same weight as any other article or section, the whole must be construed so that the general intent will prevail. 
People ex rel. Wellman v. Washburn
, 410 Ill. 322, 328 (1951); see also
 Herget National Bank v. Kenney
, 105 Ill. 2d 405, 410 (1985). Additionally, while one clause will not be allowed to defeat another if by any reasonable construction the two can be made to stand together (
Oak Park
, 54 Ill. 2d at 203), a specific constitutional provision will prevail over a general section if the two are incompatible (
Walker v. State Board of Elections
, 65 Ill. 2d 543, 556 (1976)). Further, as this court stated in 
Wellman:

“The bill of rights incorporated in our constitution is a restatement and adoption of the very principles upon which our freedom is based and is generally admitted to be our greatest heritage. Where any act of the legislature or other provision of the constitution, in a particular case, tends to infringe upon the rights thus preserved, we must assume that it was the intent of the framers thereof that there should be no curtailment of such rights.” 
Wellman
, 410 Ill. at 328-29.

Considering the above stated principles, we find that article I, section 8.1(d), as part of the bill of rights and as the more specific provision, must be read as a limitation on the appellate jurisdiction granted by article VI, section 6. See 
In re Estate of Gebis
, 186 Ill. 2d 188, 192 (1999). As the titles of the Amendment and the Act suggest, their drafters intended them to serve “as a shield to protect the rights of victims,” and expressly delineated that their provisions “not be used as a sword by criminal defendants seeking appellate relief.” See 
Benford
, 295 Ill. App. 3d at 700. We therefore hold, based on its plain and explicit language, that article I, section 8.1(d), specifically removes victims’ rights from the spectrum of issues which a criminal defendant may appeal.

Defendant agrees that section 8.1(d) operates to restrict appellate jurisdiction in criminal cases if the basis for relief is “any law enacted under” the Amendment. Ill. Const. 1970, art. I, §8.1(d). However, defendant contends that section 3(a)(3) of the Act is not a law enacted “under” the Amendment because the statutory restriction on who constitutes a crime victim set forth in section 3(a)(3) precludes it from being a law that “enforce[s]” the Amendment, as required by section 8.1(b). Ill. Const. 1970, art. I, §§8.1(b), (d). We disagree. While section 8.1(b) states that “[t]he General Assembly may provide by law for the enforcement of this [Amendment],” this language does not establish a test for determining which pieces of legislation trigger the protections of section 8.1(d). Although section 3(a)(3) of the Act was amended effective January 1, 1994, to limit the definition of crime victim to “a single representative” of the deceased, section 3(a)(3) is still a law which enforces the Amendment. See 725 ILCS 120/3(a)(3) (West 1994). As we have noted, section 8.1(a) states that crime victims, “as defined by law,” are entitled to the rights set forth in the Amendment “as provided by law.” Ill. Const. 1970, art. I, §8.1(a). Thus, defendant cannot avoid the constitutional preclusion of appellate relief by claiming that section 3(a)(3), a law defining “crime victim” as contemplated by section 8.1(a), was not enacted to enforce the Amendment.

Finally, we believe it important to note that the prohibition on appellate relief for violations of the Act or the Amendment does not alleviate the trial court’s responsibility to exercise appropriate discretion at sentencing. This court has found that the Act does not require the consideration at sentencing of any and all victim impact evidence without regard for its relevance or materiality. See 
People v. Hope
, 184 Ill. 2d 39, 49, 53 (1998) (the Act “does not contemplate, and we will not condone, an expansion of victim impact statements to include evidence from victims other than the victims of the offense on trial”; such evidence is irrelevant and therefore inadmissable). Indeed, the portion of the Act which provides that “[t]he court shall consider any statements made by the victim” is not mandatory in nature and does nothing to indicate what weight should be given to victim impact evidence, nor does it indicate what sentence should be imposed. 725 ILCS 120/6(a) (West 1998); 
People v. Felella
, 131 Ill. 2d 525, 539 (1989).

This court has further warned that 
Payne v. Tennessee
, 501 U.S. 808, 115 L. Ed. 2d 720, 111 S. Ct. 2597 (1991), which established the admissibility of victim impact evidence at sentencing, “ ‘ “does not give the prosecution a free rein to introduce and argue anything it wants.” ’ ” 
Hope
, 184 Ill. 2d at 48, quoting 
People v. Mitchell
, 152 Ill. 2d 274, 338 (1992). “ ‘In the event that evidence is introduced that is so unduly prejudicial that it renders the trial fundamentally unfair, the Due Process Clause of the Fourteenth Amendment provides a mechanism for relief.’ ” 
Mitchell
, 152 Ill. 2d at 338, quoting 
Payne
, 501 U.S. at 825, 115 L. Ed. 2d at 735, 111 S. Ct. at 2608.

In the instant case, however, defendant has not made a substantial showing that his right to due process was violated by the introduction of multiple victim impact statements at his sentencing. It is well established that where a sentencing hearing is conducted before the trial court rather than a jury, the court is presumed to consider only competent and relevant evidence in determining sentence. 
People v. Ashford
, 168 Ill. 2d 494, 508 (1995). As the appellate court observed, the State herein did not argue the content of the three victim impact statements as a factor in aggravation and, although the trial court stated that it had read the same statements at a codefendant’s sentencing hearing, the court did not mention the statements when imposing defendant’s sentence. Therefore, we hold that while the trial court erred in admitting and considering multiple victim impact statements, defendant has offered nothing to support a finding that the statements unduly prejudiced the trial court such that defendant’s sentencing hearing was rendered fundamentally unfair. See 
Ashford
, 168 Ill. 2d at 508.

Accordingly and for the foregoing reasons, we affirm the judgment of the appellate court.

Affirmed.

JUSTICE THOMAS, specially concurring:

Although I agree with the majority that the judgment of the appellate court should be affirmed, I disagree with the majority’s conclusion that the trial court improperly considered three victim impact statements in violation of the plain language of the Rights of Crime Victims and Witnesses Act (Act) (725 ILCS 120/1 
et seq.
 (West 1998)). As the majority recognizes, this court must look to the language of the statute itself to determine legislative intent, and must give the language of the statute its plain and ordinary meaning. Slip op. at 1. In finding that the trial court improperly considered three victim impact statements, the majority focuses on section 3(a)(3) of the Act, which defines a crime victim as a “single representative” of the deceased. 725 ILCS 120/3(a)(3) (West 1998). Based upon that definition, the majority then concludes that the trial court “did not comply with the Act where it accepted and considered the victim impact statements of all three persons rather than of  ‘a single representative’ of the deceased.” Slip op. at 2, quoting 725 ILCS 120/3(a)(3) (West 1998).

I believe that a plain reading of the statute compels a different conclusion in this case. Section 6(a) of the Act provides that where “a victim of [a] violent crime is present in the courtroom at the time of the sentencing ***, the victim 
upon his or her request
 shall have the right to address the court regarding the impact which the defendant’s criminal conduct *** has had upon the victim.” (Emphasis added.) 725 ILCS 120/6(a) (West 1998). Reading section 3(a)(3) of the Act together with section 6 of the Act, then, only a single representative of Nina Glover could have requested an opportunity to address the court at sentencing regarding the impact of defendant’s crime. Such a situation, however, was not presented in this case.

Here, it was the State that presented the written victim impact statements of Nina Glover’s two daughters and her mother. Slip op. at 1. I agree with Justice Miller, writing separately in a prior decision of this court, that section 6 of the Act “applies when the victim, on his or her own initiative, wishes to address the sentencing court; section 6 does not purport to limit the evidence that the prosecution may otherwise introduce in aggravation.” 
People v. Hope
, 184 Ill. 2d 39, 55 (1998) (Miller, J., concurring in part and dissenting in part). During the aggravation and mitigation phase of a sentencing hearing, a sentencing judge has wide discretion concerning the sources and types of evidence used to assist him in determining the kind and extent of punishment to be imposed. 
People v. Williams
, 181 Ill. 2d 297, 322 (1998). The only limitation on the admission of evidence is that the evidence must be reliable and relevant. 
Williams
, 181 Ill. 2d at 322.

Because the three victim impact statements at issue in this case were introduced by the State in aggravation, section 6 of the Act did not limit the trial court’s consideration of those statements. To hold otherwise “threatens to severely limit the prosecution’s ability to present relevant, reliable evidence in aggravation” and “transforms what was designed to provide a benefit to victims and witnesses into a shield for their offenders.” 
Hope
, 184 Ill. 2d at 56 (Miller, J., concurring in part and dissenting in part). The trial court’s decision to admit multiple victim impact statements in this case was a matter of discretion. Of course, the trial court must exercise appropriate discretion at sentencing and must consider the relevance and materiality of victim impact evidence. Slip op. at 5. There is no evidence in this case, however, that the trial court abused its discretion in considering the victim impact statements. Consequently, I believe that the trial court did not violate the Act when it considered multiple victim impact statements, and I disagree with the majority opinion to the extent that it holds to the contrary.