No. 2--02--0320 

__________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

THE PEOPLE OF THE STATE  ) Appeal from the Circuit Court

OF ILLINOIS,                    )  of Du Page County.

) 

     Plaintiff-Appellee, )

  )

v.  )  No. 00--CF--1150                                                )

GARRETT HARTH, ) Honorable

                                )  Robert J. Anderson,

Defendant-Appellant. ) Judge, Presiding.

_________________________________________________________________

JUSTICE GROMETER delivered the opinion of the court: 

After a jury trial, defendant, Garrett Harth, was convicted of unlawful delivery of a substance containing cocaine (720 ILCS 570/401(c)(2)
 (West 2000)) and sentenced to 15 years' imprisonment.  On appeal, defendant argues that he was denied a fair sentencing hearing when the trial court admitted a victim impact statement not allowed under the Rights of Crime Victims and Witnesses Act (Act) (725 ILCS 120/1 
et seq.
 (West 2000)).  We affirm.  

On June 2, 2000, defendant was indicted in this case, No. 00--CF--1150, for conduct allegedly occurring on or about April 12, 2000, and in case No. 00--CF--1151 on one count each of unlawful delivery of a controlled substance (720 ILCS 570/401(e) (West 2000)), unlawful possession with the intent to deliver a controlled substance (720 ILCS 570/401(e) (West 2000)), and unlawful possession of a controlled substance (720 ILCS 570/402(c) (West 2000)).  All three charges in case No. 00--CF--1151 were based on defendant's possession or delivery of paramethoxyamphetamine (PMA) on or about May 13, 2000.  On December 19, 2000, the State added a fourth count in case No. 00--CF--1151, alleging that, on or about May 13, 2000, defendant committed the involuntary manslaughter (720 ILCS 5/9--3(a) (West 2000)) of Sara Aeschlimann by delivering PMA to her.

On June 26, 2001, after a stipulated bench trial, defendant was found guilty of the first two counts in case No. 00--CF--1151. Apparently, the two counts were merged by the trial court as defendant was later sentenced only on the unlawful delivery charge.  On August 22, 2001, the State nol-prossed the involuntary manslaughter count.  On October 26, 2001, the jury convicted defendant in this case, No. 00--CF--1150.

The causes proceeded to a combined sentencing hearing.  Most of the testimony in aggravation concerned the circumstances leading  to Aeschlimann's death, including defendant's alleged slowness and dishonesty in telling medical personnel and the police what had happened.  The State argued that this evidence demonstrated that defendant was more interested in disguising his own criminal activity than in trying to save Aeschlimann's life.  

The State also introduced a tape of a lengthy conversation between defendant and Michael Hamilton, a fellow inmate at the Du Page County jail and a police informant.  Hamilton feigned an interest in selling drugs when he got out.  Defendant instructed Hamilton in depth on how to sell drugs, primarily ecstasy.  He told Hamilton about the different types of the drug, its aphrodisiac powers, where to obtain it, where to sell it, what prices Hamilton could expect to pay or charge, and whom to contact (including several of defendant's acquaintances).  

Defendant also discussed his own career as a drug dealer.  He recounted how he began at age 16 (
i.e.
, in 1995) by selling marijuana (and later LSD) and how he had managed to turn every place where he had worked into a "drug spot."  Defendant recalled that he had been "the one in charge" of several cooperative ventures; that he often sold $200 worth of marijuana in one day at his high school; and that he bought a car with some of his drug proceeds.  Defendant expressed no regret over these actions, although he did say that he missed Aeschlimann and would not have bought the pills that caused her death had he known that they were PMA and not ecstasy. 

Over defendant's objection, the State introduced a written victim impact statement from Jan Aeschlimann, Sara Aeschlimann's mother, and allowed her to read the statement at the hearing.  Mrs. Aeschlimann recalled her grief and depression over the death of her daughter.  She also asserted that on the morning before Sara died, defendant lied about what had happened and did little to help Sara. 

The trial court sentenced defendant to concurrent prison terms of 15 years in this case and 4 years in case No. 00--CF--1151.  In pronouncing the sentences, the trial judge briefly acknowledged that he had read Mrs. Aeschlimann's statement and the evidence in the presentencing investigation report (PSIR) that Sara Aeschlimann's death had caused her family and friends great pain.  The judge noted that defendant had lied to paramedics and the police about the circumstances of Aeschlimann's death.     

Most of the judge's explanation of the sentences centered on the evidence of defendant's long-standing involvement in the drug trade.  Noting that defendant was an honor student from a comfortable background, the judge recounted that defendant had boasted to Hamilton about the great amounts of drugs that he had sold and how he had gotten away with most of it by using his status as an honor student and a "good kid."  Defendant bragged about having been "the one in charge" in many instances.  Even after defendant was in jail, he "gave lessons" in drug dealing.  Thus, the judge reasoned, the lengthy sentences were necessary to protect the public from defendant.

Defendant moved to reconsider the sentences, arguing that the  court erred in considering Mrs. Aeschlimann's statement and that the State's other-crimes evidence was insufficiently reliable.  The court denied the motion.  Defendant timely appealed.

Defendant argues that he is entitled to a new sentencing hearing because the trial court erred in considering Mrs. Aeschlimann's statement.  Defendant asserts that the statement was inadmissible because Mrs. Aeschlimann was not a "crime victim" and that the admission of the statement violated due process. 

Defendant's first argument is foreclosed by section 9 of the Act, which states, "Nothing in this Act shall create a basis for vacating a conviction or a ground for appellate relief in any criminal case."  725 ILCS 120/9 (West 2000).  In 
People v. Richardson
, 196 Ill. 2d 225 (2001), the supreme court held that this language must be applied as written and that section 9 does not violate the separation of powers or any rights the state constitution gives criminal defendants.  The court reasoned that section 9 is based on article I, section 8.1(d), of the constitution (Ill. Const. 1970, art. I, §8.1(d)), which allows victim impact statements and also states that nothing in the section or any statute enacted under it shall be a basis for appellate relief in any criminal case.  
Richardson
, 196 Ill. 2d at 229-31.  While the admission of the victim impact statement was error, 
Richardson
 precludes appellate relief under section 9.

We also disagree with defendant's assertion that the admission of Mrs. Aeschlimann's statement violated due process.  Due process bars the introduction of evidence that is so unduly prejudicial that it renders the sentencing hearing fundamentally unfair.  
Payne v. Tennessee
, 501 U.S. 808, 825, 115 L. Ed. 2d 720, 735, 111 S. Ct. 2597, 2608 (1991); 
Richardson
, 196 Ill. 2d at 233.  However, we are satisfied that the introduction of Mrs. Aeschlimann's statement was not unduly prejudicial and, indeed, harmless error at worst.

In its argument, the State did not mention Mrs. Aeschlimann's statement but instead focused on the evidence that defendant was an experienced and ambitious drug dealer; that he encouraged a fellow inmate to sell drugs and taught him how to do so; that he showed no remorse for, and much pride in, his illegal activities; and that he lied to medical personnel and the police about the circumstances of Sara Aeschlimann's death.  In pronouncing the sentences, the trial judge briefly noted that he had read Mrs. Aeschlimann's statement, but he explained in detail that he chose the harsh sentence in this case because the public needed to be protected from defendant.  The basis for the judge's belief was the exceedingly strong evidence that defendant was a sophisticated and unrepentant drug trafficker.  Much of this evidence had little if any connection with the circumstances leading to Sara Aeschlimann's death.  

The victim impact statement of the mother consisted of four pages of powerful words and pain, yet was a small portion
 
of the evidence at the sentencing hearing and neither the State nor the trial court placed substantial weight on it.  Moreover, the statement was cumulative of information that was already in the PSIR, which detailed Mrs. Aeschlimann's sentiments toward defendant. 

We are satisfied beyond a reasonable doubt that defendant's sentence would have been no different had the court not received the victim impact statement.  Surely, the introduction of the statement did not render the sentencing hearing fundamentally unfair.

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

BYRNE, J., concurs.

JUSTICE GILLERAN JOHNSON, specially concurring:

Although I agree with the majority that the judgment of the circuit court should be affirmed, I disagree with the majority's conclusion that section 9 of the Act applies in this case.  

The defendant argues that he is entitled to a new sentencing hearing because the trial court improperly considered the victim impact statement of Mrs. Aeschlimann.  The majority concludes that this argument is foreclosed by section 9 of the Act, which states, "Nothing in this Act shall create a basis for vacating a conviction or a ground for appellate relief in any criminal case."  725 ILCS 120/9 (West 2000).  I disagree. 

In the exercise of statutory construction, our primary task is to ascertain and effectuate the intent of the legislature.  
Richardson
, 196 Ill. 2d at 228.  The most reliable indicator of legislative intent is the language of the statute itself.  
Richardson
, 196 Ill. 2d at 228.  The language of a statute must be given its plain and ordinary meaning, and where the language is clear and unambiguous, we have no occasion to resort to aids of statutory construction.  
Richardson
, 196 Ill. 2d at 228.  

It is clear that the victim of a violent crime enjoys the statutory right to present a victim impact statement at a sentencing hearing.  See 725 ILCS 120/6 (West 2000).  The Act  " 'provides for the right of victims of violent crimes, including the relatives of a deceased, to address the court regarding the impact of the criminal conduct upon their lives.' [Citation.]"  
People v. Hope
, 184 Ill. 2d 39, 49 (1998).  The Act further dictates that the court consider the victim impact statements in determining a defendant's sentence.  
Hope
, 184 Ill. 2d at 49. 

There is no doubt that Mrs. Aeschlimann was a "crime victim" as a result of her daughter's death and that her daughter was a victim of a "violent crime," as defined under the Act (725 ILCS 120/3(a), (c) (West 2000)), relative to the offense of involuntary manslaughter (720 ILCS 5/9--3(a) (West 2000)).  However, the defendant was not convicted of involuntary manslaughter.  Rather, he was convicted of unlawful delivery of a substance containing cocaine (720 ILCS 570/401(c)(2) (West 2000)) and unlawful delivery of a controlled substance (720 ILCS 570/401(e) (West 2000)), which under the plain and ordinary meaning of the Act do not meet the criteria for a "violent crime."  See 725 ILCS 120/3(c) (West 2000); 
Richardson
, 196 Ill. 2d at 228.  Accordingly, the right of Mrs. Aeschlimann to make a statement as a "crime victim" under the Act did not exist.  See 725 ILCS 120/3(a) (West 2000).  Therefore, contrary to the majority, I believe the defendant's argument is not foreclosed by section 9 of the Act.  725 ILCS 120/9 (West 2000). 

It is important to note that unlawful delivery or possession of a controlled substance is never a victimless crime.  The obvious devastating effects of illegal controlled substances on a community, or in this case, on a family and a young woman, can never be underestimated and are every parent's nightmare.  Unfortunately, the Act simply does not apply to unlawful delivery of a controlled substance.  Perhaps the legislature may eventually consider expanding the definition of a "violent crime" to include certain controlled substance offenses.      

Nonetheless, even though there was no basis in the Act for the trial court to consider the victim impact statement, the trial court's consideration of this statement was harmless error.  It is well established that where a sentencing hearing is conducted before the trial court rather than a jury, the court is presumed to consider only competent and relevant evidence in determining the sentence.  
Richardson
, 196 Ill. 2d at 233.  As such, I agree with the majority that the basis for the trial court's sentence determination was the exceedingly strong evidence that the defendant was a sophisticated and unrepentant drug trafficker.  The trial court placed little, if any, emphasis on the victim impact statement of Mrs. Aeschlimann.  Consequently, the admission of her statement did not deprive the defendant of a fair sentencing hearing.