NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 240529-U

NOS. 4-24-0529, 4-24-0530 cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
December 10, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Hancock County |
| ALFRED F. COTE, | ) | Nos.  19CF173 |
| Defendant-Appellant. | ) | 19CF174 |
| | ) | |
| | ) | Honorable |
| | ) | Rodney G. Clark, |
| | ) | Judge Presiding. |

_____

JUSTICE HARRIS delivered the judgment of the court.
Justice Knecht concurred in the judgment.
Justice Doherty specially concurred.

**ORDER**

¶ 1    *Held*:   Defendant failed to establish his entitlement to relief based on the contention that
the trial court violated the Rights of Crime Victims and Witnesses Act (725 ILCS
120/1 through 9 (West 2022)) by allowing the State to present victim impact
statements during his civil commitment proceedings under the Sexually Dangerous
Persons Act (725 ILCS 205/0.01 through 12 (West 2022)).

¶ 2    In February 2024, the trial court declared defendant, Alfred F. Cote, a sexually

dangerous person under the Sexually Dangerous Persons Act (SDP Act) (725 ILCS 205/0.01

through 12 (West 2022)) and ordered him committed to the custody of the Illinois Department of

Corrections (DOC). Defendant appeals, arguing the court erred by allowing the State to present

oral and written victim impact statements at his commitment hearing pursuant to the Rights of

Crime Victims and Witnesses Act (Crime Victims Act) (725 ILCS 120/1 through 9 (West 2022))

and in permitting copies of those statements to be forwarded to DOC. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4            In November 2019, the State charged defendant with multiple sex offenses in two separate cases—Hancock County case Nos. 19-CF-173 and 19-CF-174. In March 2020, the State filed an amended information in both cases, charging defendant with (1) seven counts of predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2008)) in case No. 19-CF-173 and (2) three counts of predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2012)) and one count of criminal sexual assault (720 ILCS 5/11-1.20(a)(3) (West 2016)) in case No. 19-CF-174. The charges were based on allegations that between July 2009 and December 2016, defendant committed acts of sexual penetration with two minor victims, J.C. and P.C.

¶ 5            In December 2020, in lieu of criminal prosecution, the State petitioned to have defendant declared a sexually dangerous person and committed to DOC under the SDP Act. In its petition, the State described defendant's charges in case Nos. 19-CF-173 and 19-CF-174, as well as his history of charged and uncharged sexual conduct with several different minors. Some of the alleged conduct dated back to 1984 and occurred in New Hampshire. The State alleged defendant suffered from a mental disorder that had existed for more than one year prior to the filing of its petition, his mental disorder was coupled with criminal propensities to commit sexual offenses, and he had demonstrated propensities toward acts of sexual assault and the sexual molestation of children. The State asserted defendant was sexually dangerous and that it was substantially probable that he would commit further sex offenses if not confined.

¶ 6            On February 29, 2024, the trial court conducted a hearing on the State's petition. Defendant stipulated to the State's allegations against him and agreed that there was "sufficient evidence that [he was] a sexually dangerous person by a burden of proof beyond a reasonable doubt." Based on the parties' stipulation, the court declared defendant sexually dangerous and

ordered him committed to the custody of DOC for care and treatment.

¶ 7        At the hearing, the State also sought to present oral and written victim impact statements from four individuals: (1) J.C., the alleged victim in case No. 19-CF-173, (2) D.G., one of defendant's alleged New Hampshire victims, (3) J.M.C., an alleged prior victim who was J.C.'s father, and (4) E.M., defendant's ex-wife and the mother of J.M.C. and grandmother of J.C. The State argued that sexually dangerous person petitions were based on "actual criminal charges, or at least *** criminal cases." It maintained that although proceedings under the SDP Act were not specifically mentioned in the Crime Victims Act, it was consistent with the intent of that statute "for the victims to be heard." The State further argued as follows:

> "We believe it is within the Court's discretion to receive these impact statements. The stipulation as indicated is agreed upon. So, therefore, we believe the most just result is to allow the victims to be heard. These statements are not evidence today, nor are we asking for them to be considered as evidence for the stipulation."

¶ 8        Defendant objected to the State's request to present the victim impact statements. Although he agreed that such decisions were "discretionary with the Court," he asserted that only one statement involved a current victim of the underlying criminal cases. Defendant also asserted that the remaining individuals would not "be considered victims under the Crime Victims' Bill of Rights" and argued that, in proceedings under the SDP Act, "there are not victims *per se*." Additionally, he asked that in the event any victim impact statements were "enter[ed]," they be impounded and not considered as evidence by the trial court.

¶ 9        The State responded that the authors of the challenged statements included prior victims of defendant, who "also are in support of the SDP petition." Further, it stated it had no

objection to defendant's request for impoundment but requested that copies of the statements be sent to DOC "as part of the Defendant's treatment."

¶ 10        The trial court agreed with the State, ruling as follows:

"The court's going to exercise its discretion. I think that the victim statements are appropriate. I think it is within my discretion based on my review, and I think it's important for the victims to be able to be heard. I also think it will be important for those statements to be impounded, but they will be sent [to DOC] for the purpose of treatment."

The record reflects J.C. read his victim impact statement at the hearing and that all four statements were filed with the court and impounded.

¶ 11        This appeal followed.

¶ 12                            II. ANALYSIS

¶ 13        On appeal, defendant argues the trial court erred by allowing the State to present victim impact statements during the underlying commitment proceedings and permitting the statements to be forwarded to DOC. He argues there was no authority for such an action under the Crime Victims Act and that three of the four statements were authored by individuals who did not qualify as victims under that statute. Defendant also contends that the court's action violated his right to due process because he was not afforded an opportunity to confront and cross-examine the State's alleged victims. Defendant asks that we "remand with directions to the trial court to strike all [victim impact] statements from the common law record and *** order that [DOC] destroy all copies of the victim impact statements that were forwarded to it by the *** court."

¶ 14        The SDP Act establishes "a statutory scheme for the civil commitment of persons who suffer from a mental disorder related to the commission of sex offenses." *People v. Kastman*,

2022 IL 127681, ¶ 32, 211 N.E.3d 459. "As a whole, the [SDP] Act serves the dual purposes of treatment for those found to be sexually dangerous and protection of the public." *Id.* ¶ 35. The State is permitted to file a petition alleging that a person is sexually dangerous in a pending proceeding wherein the person is charged with a criminal offense. 725 ILCS 205/3 (West 2022). A person is sexually dangerous if he has (1) a mental disorder existing for at least one year prior to the filing of the State's petition under the SDP Act, (2) criminal propensities to the commission of sex offenses, and (3) demonstrated propensities toward acts of sexual assault or acts of sexual molestation of children. *Id.* § 1.01. The State has the burden of proving that a person is sexually dangerous by proof beyond a reasonable doubt. *Id.* § 3.01.

¶ 15       Initially, we note the State argues that defendant has forfeited his challenge to its presentation of victim impact statements by failing to raise the issue in a posttrial motion. However, proceedings under the SDP Act are civil in nature, and the rules applicable in civil cases generally apply to such proceedings. *Id.* Although to preserve an issue for review in a criminal case a defendant must raise an objection with the trial court and include the issue in a posttrial motion, civil cases require only a contemporaneous objection at trial. *People v. Holmes*, 2016 IL App (1st) 132357, ¶ 45, 48 N.E.3d 185. Here, defendant clearly objected to the State's presentation of the four victim impact statements during the underlying proceedings. Accordingly, we decline to find forfeiture and consider the merits of defendant's claim.

¶ 16       When construing a statute, a reviewing court's primary concern is to ascertain and effectuate the legislature's intent. *People v. Richardson*, 196 Ill. 2d 225, 228, 751 N.E.2d 1104, 1106 (2001). "The most reliable indicator of legislative intent is the language of the statute itself." *Id.* Statutory language must be given its plain and ordinary meaning and, where the language is clear and unambiguous, it is unnecessary to resort to aids of statutory construction. *Id.* Statutory

construction issues present questions of law and are subject to *de novo* review. *Id.*

¶ 17    The Illinois Constitution sets forth various rights of "crime victims," including the right to be heard at "any court proceeding involving a post-arraignment release decision, plea, or sentencing." Ill. Const. 1970, art. I, § 8.1(a)(5). "The purpose of [the Crime Victims Act] is to implement, preserve, protect, and enforce the rights guaranteed to crime victims by" the Illinois Constitution. 725 ILCS 120/2 (West 2022). Under the Crime Victims Act, a "crime victim" or "victim" includes "any natural person determined by the prosecutor or the court to have suffered direct physical or psychological harm as a result of a violent crime perpetrated or attempted against that person." *Id.* § 3(a)(1). Further, a "violent crime" includes "any offense involving sexual exploitation, sexual conduct, or sexual penetration." *Id.* § 3(c)(2).

¶ 18    Like the Illinois Constitution, the Crime Victims Act also includes the right of victims to be heard at "any court proceeding involving a post-arraignment release decision, plea, or sentencing." *Id.* § 4(a)(4). Specifically, a crime victim must "be allowed to present an oral or written statement in any case in which a defendant has been convicted of a violent crime." *Id.* § 6(a). The trial court may also "allow persons impacted by the crime who are not victims *** to present an oral or written statement." *Id.* "The court shall consider any statement presented along with all other appropriate factors in determining the sentence of the defendant." *Id.* The Crime Victims Act further explicitly provides for the trial court's consideration of impact statements (1) "[i]n any case where a defendant has been convicted of a violation of any statute, ordinance, or regulation relating to the operation or use of motor vehicles, the use of streets and highways by pedestrians or the operation of any other wheeled or tracked vehicle *** if the violation resulted in great bodily harm or death" and (2) "at a hearing ordered by the court under the Mental Health and Developmental Disabilities Code." *Id.* §§ 6(a-1), 6(a-5).

¶ 19    Here, the proceedings under the SDP Act were initiated during criminal cases that involved "crime victims" as defined under the Crime Victims Act. However, as defendant points out, the Crime Victims Act does not reference civil commitment proceedings under the SDP Act, nor does it explicitly provide victims with the right to be heard during such proceedings.

¶ 20    Both before the trial court and on review, the State has argued that the trial court had the discretion to receive the challenged victim impact statements even though such statements were not required under the Crime Victims Act. See *People v. Coleman*, 183 Ill. 2d 366, 387, 701 N.E.2d 1063, 1074 (1998) (indicating a trial court has discretion with respect to the decisions it makes in overseeing its courtroom or in maintaining the progress of a trial). Below, defendant objected to the victim impact statements but agreed that the court had the discretion to determine whether they should be allowed. Although he now argues otherwise on appeal, we note that "a party cannot complain of error which that party induced the court to make or to which that party consented." *In re Detention of Swope*, 213 Ill. 2d 210, 217, 821 N.E.2d 283, 287 (2004).

¶ 21    To the extent defendant argues the trial court abused its discretion, we disagree. Defendant suggests an abuse of discretion occurred because the authors of three of the four statements—D.G., J.M.C., and E.M.—were not named in the underlying criminal cases or because, even under the Crime Victims Act, they would not have been permitted to make victim impact statements. However, both D.G. and J.M.C were alleged prior victims of sexual abuse by defendant, and D.G. was explicitly named as a prior alleged victim in the State's petition to proceed under the SDP Act. Also, under the Crime Victims Act, both J.M.C. and E.M., as the father and grandmother, respectively, of J.C., could have been allowed to present an oral or written statement as "persons impacted by" the violent crime against J.C. 725 ILCS 120/6(a) (West 2022); *People v. Larson*, 2022 IL App (3d) 190482, ¶ 39, 196 N.E.3d 1187 ("In the context of a violent crime,

the [Crime Victims] Act provides the trial court with the discretion to allow any 'persons impacted by the crime who are not victims' to make additional victim impact statements."). Finally, none of the statements at issue were considered by the court as evidence in either finding that defendant was a sexually dangerous person or ordering him committed to DOC. Rather, the court permitted the statements based upon its finding that it was "important for the victims to be able to be heard." Accordingly, under the circumstances presented, we find no abuse of discretion.

¶ 22    Additionally, even assuming that there was a violation of the Crime Victims Act in this case, we note that both the Illinois Constitution and the Crime Victims Act itself preclude appellate relief. In particular, article I, section 8.1(e) of the Illinois Constitution (Ill. Const. 1970, art. I § 8.1(e)) states, "[n]othing in this Section or any law enacted under this Section shall be construed as creating (1) a basis for vacating a conviction or (2) *a ground for any relief requested by the defendant*." (Emphasis added.) The Crime Victims Act similarly states, "[n]othing in this Act shall create a basis for vacating a conviction or a ground for relief requested by the defendant in any criminal case." 725 ILCS 120/9 (West 2022). Accordingly, even if the trial court violated the Crime Victims Act by allowing the State to present any of the victim impact statements at issue, defendant could not obtain relief based on the court's violation. See *Richardson*, 196 Ill. 2d at 230 (finding the Illinois Constitution prohibited the defendant "from seeking appellate relief on the ground that more than one victim impact statement was presented and considered at his sentencing"); *People v. Hestand*, 362 Ill. App. 3d 272, 281, 838 N.E.2d 318, 325 (2005) (noting a defendant cannot obtain relief based upon the trial court's improper consideration of multiple victim impact statements at sentencing).

¶ 23    Finally, we further find no violation of defendant's right to due process in the underlying proceedings based upon his alleged inability to confront and cross-examine witnesses

against him. The confrontation clause of the sixth amendment to the United States Constitution (U.S. Const., amend. VI) guarantees the right of a criminal defendant to confront and cross-examine witnesses against him. *People v. Hood*, 2016 IL 118581, ¶ 19, 67 N.E.3d 213. Additionally, in *Crawford v. Washington*, 541 U.S. 36, 53-54 (2004), "the United States Supreme Court held that a defendant's sixth amendment confrontation rights are implicated at trial if the State seeks to admit into evidence statements that are 'testimonial.' " *Hood*, 2016 IL 118581, ¶ 20. "If the statements are testimonial, then their admission is only constitutionally permissible if the State is able to establish both that the declarant is unavailable to testify at trial and, in addition, that the defendant had a prior opportunity to cross-examine the declarant." *Id.*

¶ 24        Although proceedings under the SDP Act "are considered civil in nature, the right to due process applies and 'entitles the defendant to the right to confront and cross-examine witnesses testifying against him.' " *In re Detention of Hunter*, 2013 IL App (4th) 120299, ¶ 30, 982 N.E.2d 953 (quoting *People v. Trainor*, 196 Ill. 2d 318, 329, 752 N.E.2d 1055, 1061 (2001)). Whether a defendant was denied due process is subject to *de novo* review. *People v. Sauls*, 2022 IL 127732, ¶ 32, 215 N.E.3d 810.

¶ 25        Here, when asking that the trial court receive the four victim impact statements, the State clarified that the statements were "not evidence" and that it was not "asking for them to be considered as evidence." Further, the court found defendant was sexually dangerous based upon his stipulation to the State's allegations against him and such circumstances required defendant's commitment to DOC for care and treatment. 725 ILCS 205/8 (West 2022). Accordingly, the record clearly reflects the challenged statements were not presented as evidence against defendant at the commitment hearing and played no role in either the court's finding that defendant was sexually dangerous or in its order committing him to DOC. Defendant cannot establish a confrontation

violation under such circumstances.

¶ 26    Defendant also complains that because the victim impact statements were forwarded to DOC, they could "be used against [him] in future civil proceedings." Presumably, his challenge is to any future consideration of the challenged statements by evaluators or experts when determining whether he has recovered and is no longer sexually dangerous under the SDP Act. See *id.* § 9 (providing for the trial court's consideration of reports and evidence from experts and licensed evaluators in connection with a defendant's application alleging his recovery and seeking discharge or conditional release from commitment). However, defendant has failed to fully develop his argument and does not explain how future consideration of the challenged statements would result in a violation of his right to confront or cross-examine witnesses.

¶ 27    We note that in *Hunter*, 2013 IL App (4th) 120299, ¶ 35, which involved proceedings under the SDP Act, we stated "information gathered from *** various documents contained competent factors for the experts to consider in conducting their evaluations." Further, we held that information testified to by the State's experts, including the contents of police reports, did not trigger a confrontation violation because it was admitted for the limited purpose of explaining the expert's opinion and not for the truth of the matter asserted. *Id.* ¶¶ 35-36. We fail to see how a similar consideration of the challenged victim impact statements in this case would warrant a different result.

¶ 28                        III. CONCLUSION

¶ 29    For the reasons stated, we affirm the trial court's judgment.

¶ 30    Affirmed.

¶ 31    JUSTICE DOHERTY, specially concurring:

¶ 32        The central question raised on appeal is whether the provisions of the Crime Victims Act allowing for receipt of victim impact statements are equally applicable to proceedings under the SDP Act. I agree with the majority that defendant's concession below that the trial court had discretion to allow the victim statements precludes him from arguing the contrary on appeal.

¶ 33        However, the statutory issue cannot be entirely avoided if the other issues are analyzed with reference to the Crime Victims Act. In my view, the Crime Victims Act is simply inapplicable here, and I would not reference any of its provisions in deciding this case. Instead, the question is whether such statements are admissible under the provisions of the SDP Act, without regard to the Crime Victims Act.

¶ 34        So considered, it is not just defendant's concession below concerning trial court discretion that dooms his appeal; the relief he seeks also severely constricts our review. Defendant is not seeking to set aside the determination that he is a sexually dangerous person due to the admission of improper evidence, *i.e.*, the statements. Instead, he asks only that the *record* not contain the statements and that the court issue an order directing the destruction of the statements in the possession of DOC. It is unclear whether this position was ever specifically advanced in the trial court.

¶ 35        However, even if not forfeited, the issue would lack merit. If such statements had been tendered *and rejected* by the trial court, Illinois Supreme Court Rule 321 would require that they be included in the record on appeal. See Ill. S. Ct. R. 321 (eff. Oct. 1, 2021) (stating that the record is to include "any exhibit offered and filed by any party.") On appeal, defendant flirts with the question of whether these statements should have been admitted, but the relief he seeks is narrowly limited to their inclusion in the record. I note that the trial court agreed with defendant's

request that the records be impounded, and defendant cites no specific authority for the proposition that they cannot be shared with DOC.

¶ 36     As a final note, I think that any attorney should be cautious about tendering material to the court with the representation that the material is "not evidence." If the material is not evidence, what precisely is it? Parties should take no hint from our decision that the admission of otherwise improper evidence can be accomplished by simply declaring that it is *not* evidence. Still, in this case, where defendant stipulated to the sexually dangerous person finding, it is clear that the victim statements played no role in the outcome of the case, whether they are evidence or some unspecified other thing.

¶ 37     For the foregoing reasons, I agree that affirmance is required.